Anja **KROENCKE**, Plaintiff,

v.

**GENERAL MOTORS CORPORATION,** Chevrolet Division, and the Interpublic Group of Companies, Inc., Campbell–Ewald Company Defendants.

No. 02 CIV. 3877(JSR).

United States District Court, S.D. New York.

July 10, 2003.

Roger L. Zissu, Evan Gourvitz, Fross Zelnick Lehrman & Zissu, P.C., New York City, for Plaintiffs.

James F. Rittinger, Satterlee Stephens Burke & Burke LLP, New York City, for Defendants.

### MEMORANDUM ORDER

RAKOFF, District Judge.

Confirming the Court's short Order of February 3, 2003, defendants' motion for summary judgment is granted and the case is dismissed, for the following reasons:

Plaintiff Anja Kroencke is a German citizen living in New York City, where she makes her living creating and selling works of graphic art, primarily to commercial enterprises. Her work has appeared in a number of magazines, and was the subject of a magazine article that appeared in the September/October 2001 issue of *Communication Arts.*

In February 2002, defendant Campbell–Ewald Company ("Campbell–Ewald"), an advertising company, acting on behalf of its client, the Chevrolet Division of General Motors ("Chevrolet"), approached Kroencke and asked her to create an illustration to promote the 2002 Chevrolet Music Festival. Kroencke, finding the offer not to her liking, declined. Eventually, Campbell–Ewald turned to two other illustrators, Ron Rae and Amy Belkoff, who agreed to take on the job. To give Rae and Belkoff an idea of the kind of work defendants had in mind, Campbell–Ewald provided them with a package of materials that included, *inter alia,* a copy of the aforementioned article in *Communication Arts* featuring Kroencke's work.

Rae's and Belkoff's final illustration (the "Festival Illustration") appeared as an advertisement for the Festival on the inside back cover of the June 2002 issue of *Essence* magazine. Kroencke saw the advertisement and filed the instant lawsuit. She also filed a motion for a preliminary injunction, which she withdrew after defendants agreed to pull the advertisement.

Although the complaint initially set forth three causes of action, two of those have since been voluntarily dismissed, leaving only a claim for copyright infringement. The remaining claim alleges that the Festival Illustration infringed seven of Kroencke's copyrighted works (all graphic illustrations).

To make out a *prima facie* case of copyright infringement, " 'a plaintiff must first show that [her] work was actually copied ... [and] then must show that the copying amounts to an improper or unlawful appropriation.' " *Castle Rock Entertainment, Inc. v. Carol Publishing Group, Inc.,* 150 F.3d 132, 137 (2d Cir. 1998) (quoting *Laureyssens v. Idea Group, Inc.,* 964 F.2d 131, 139–40 (2d Cir.1992)). For purposes of this motion, defendants assume that Kroencke has adduced sufficient evidence to make out a *prima facie* case of actual copying. They contend, however, that she has failed to make out a *prima facie* case as to the second prong—unlawful appropriation—which requires a showing that the allegedly infringing work (here, the Festival Illustration) bears "sub-

stantial similarity" to protected expression in plaintiff's copyrighted works. *See id.*

On summary judgment, a district court may determine that plaintiff has failed to make out a *prima facie* case of substantial similarity only if it concludes, as matter of law, that no reasonable trier of fact, viewing the evidence most favorably to plaintiff, could find the works to be substantially similar. *See Walker v. Time Life Films, Inc.,* 784 F.2d 44, 48 (2d Cir. 1986). Here, however, Kroencke no longer contends, if she ever did, that the Festival Illustration, which depicts four highly stylized, elongated and silhouetted figures against a New Orleans street scene, is substantially similar to any but two of the seven allegedly infringed works taken individually. *See* Plaintiff's Statement Pursuant to Local Rule 56.1 and Objections to Defendants' Rule 56.1 Statement, dated November 25, 2002 ("Pl. 56.1 Stat."), Exhibit 6; Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, dated November 25, 2002, at 15–16. One of these two is an illustration that appeared in *Vogue Germany* of an office scene, with one dominant figure, dressed in white, leaning forward and holding a telephone to her ear, while two smaller figures appear against a background of grey and smokey blue. *See* Pl. 56.1 Stat., Exhibit 3, at 1. The other, an advertisement for Seagram's, depicts a man and woman lounging on a couch, holding drinks against a bright red background. *See id.* at 2. Even a cursory comparison of each of these two works with the Festival Illustration reveals a patent lack of substantial similarity: the colors, the spatial orientation of the figures, the setting, the mood, and the themes of each of these allegedly infringed works differ so vastly from those of the Festival Illustration that no reasonable trier of fact could find either of them to be substantially similar to the Festival Illustration.

Perhaps in recognition of the obvious dissimilarity, Kroencke next argues that the Festival Illustration nevertheless infringes some copyrightable aspect common to all seven of her works when those works are viewed in the aggregate. In support of this rather amorphous "aggregation" theory, plaintiff purports to rely on *Castle Rock, supra,* and on *Warner Brothers, Inc. v. American Broadcasting Companies,* 530 F.Supp. 1187, 1193 (S.D.N.Y.1982), *aff'd,* 720 F.2d 231 (2d Cir.1983); but neither case is applicable here.

In *Warner Brothers,* the district court determined that in deciding whether a television series infringed copyrighted works relating to the character "Superman," it was appropriate to look at the common interconnections between the various copyrighted films, television series, and comic books relating to the character. *See Warner Bros.,* 530 F.Supp. at 1193. But this, of course, was because all these works relating to Superman were expressly connected to one another by common themes, concepts, characters, and plots that formed part of their very meaning, context, and expression. Here, by contrast, plaintiff seeks to "aggregate" what are at best some common stylistic tendencies in otherwise unrelated illustrations created to serve different purposes in different contexts.

*Castle Rock* is even less on point. In *Castle Rock,* the Court of Appeals treated eighty-four episodes of the television show *Seinfeld* ("a discrete, continuous television series") as one "work" only for the purpose of determining whether the quantity of copying exceeded a *de minimus* level. *See Castle Rock,* 150 F.3d at 138. Plaintiff here seeks aggregation for an altogether different purpose, *viz,* as a means of proving qualitative similarity. Her aim, as elaborated in her Memorandum of Law in Opposition to Defendants' Motion for Sum-

mary Judgment, is to have the Court consider the "total concept and feel" of her seven works, as compared with the overall concept and feel of the Festival Illustration. However, nothing in the Copyright Act of 1976 (which refers to the infringed "work" in the singular) or in the precedents of this Circuit supports the view that a plaintiff's entire *oeuvre*, or even an aggregated portion of it, may be used as the point of comparison where the works included therein bear little or no relation to one another beyond "style." Accordingly, plaintiff's "aggregation" theory of infringement must fail.

■ Finally, as a last resort, plaintiff contends that even if there are no overall similarities between the Festival Illustration and the seven allegedly infringed works, there are similarities in certain details that can support an infringement claim. Plaintiff appears to be relying here on the theory of "fragmented literal similarity," which, in certain circumstances, justifies a finding of substantial similarity notwithstanding that the amount of copied material is small in proportion to the infringed work as a whole. *See, e.g., Paramount Pictures Corp. v. Carol Publishing Group*, 11 F.Supp.2d 329, 334 (S.D.N.Y. 1998).

The problem plaintiff faces, however, is that none of the details in the Festival Illustration that she alleges were copied from her works (hands, shoes, poses, eyelashes, etc.) bears substantial "literal" similarity to any of the details in any of her works. Recognizing this, plaintiff contends that the Second Circuit has nevertheless found substantial similarity even where "direct quotations or close paraphrases" between the compared works "are few and almost irrelevant." *Castle Rock*, 150 F.3d at 140. But plaintiff misunderstands the court's finding in *Castle Rock*. There, instead of applying the theory of fragmented literal similarity in a case

where direct quotations or close paraphrases were few and far between, the court determined that a different test— one adopted from *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 75 (2d Cir.1997)—was more appropriate. *See Castle Rock*, 150 F.3d at 140. The *Ringgold* test, unlike the fragmented literal similarity standard, requires a showing of more than *de minimus* similarity. *See id.* at 138. Thus, quite aside from the fact that plaintiff has found no cases applying fragmented literal similarity to works of graphic art, the theory has no application to the facts of this case.

Accordingly, for each and all of the aforementioned reasons, defendants' motion for summary judgment is granted and the complaint dismissed with prejudice. Clerk to enter judgment.

SO ORDERED.