09-4423-cv
Lapine v. Seinfeld

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of April, two thousand ten.

PRESENT: REENA RAGGI,
    PETER W. HALL,
      *Circuit Judges.*[*]

--------------------------------------------------------------------------------

MISSY CHASE LAPINE, THE SNEAKY CHEF, INC.,
      *Plaintiffs-Appellants*,

    v.          No. 09-4423-cv

JESSICA SEINFELD, JERRY SEINFELD,
HARPERCOLLINS PUBLISHERS, INC.,
DEPARTURE PRODUCTIONS, LLC,
      *Defendants-Appellees*.

--------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:  MARTIN N. BUCHANAN, Niddrie Fish & Buchanan LLP, San Diego, California (Howard B. Miller, Girardi & Keese, Los Angeles, California; Christopher A. Seeger, David R.

--------------------

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

Buchanan, Seeger & Weiss LLP, New York, New York, *on the brief*).

APPEARING FOR APPELLEES:    ORIN SNYDER, Gibson Dunn & Crutcher LLP, New York, New York (Laura K. O'Boyle, Gibson Dunn & Crutcher LLP, New York, New York; Thomas H. Dupree, Jr., Gibson, Dunn & Crutcher LLP, Washington, D.C., *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 26, 2009, is AFFIRMED.

Plaintiffs Missy Chase Lapine and The Sneaky Chef, Inc., appeal from an award of summary judgment in favor of defendants Jessica Seinfeld, Jerry Seinfeld, HarperCollins Publishers, Inc., and Departure Productions, LLC, on plaintiffs' claims of copyright infringement, trademark infringement, and trademark dilution. We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Ollman v. Special Bd. of Adjustment No. 1063, 527 F.3d 239, 245 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Copyright Infringement

Plaintiffs submit that the district court erred in concluding, as a matter of law, that defendants' cookbook, Deceptively Delicious: Simple Secrets To Get Your Kids Eating Good Food, was not substantially similar to plaintiffs' cookbook, The Sneaky Chef: Simple Strategies for Hiding Healthy Foods in Kids' Favorite Meals, released four months earlier. "The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001) (alteration in original; internal quotation marks omitted). When, as in this case, a work incorporates unprotected elements from the public domain, we apply a "more discerning observer" test, which requires "substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed [work]." Boisson v. Banian, Ltd., 273 F.3d 262, 272 (2d Cir. 2001) (internal quotation marks omitted). Further, it is "entirely appropriate" for a district court to resolve the question of substantial similarity as a matter of law. Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., --- F.3d ---, 2010 WL 1337225, at *5 (2d Cir. 2010).

Plaintiffs assert that "the two works are substantially similar in their unique and innovative expression of the idea [of sneaking vegetables into children's food] by means of a cookbook containing comprehensive instructions for making and storing a variety of vegetable purees in advance, and then using the purees in specially created recipes for

3

children's favorite foods." Appellant's Br. at 21 (emphasis in original). We are not persuaded.

Stockpiling vegetable purees for covert use in children's food is an idea that cannot be copyrighted. See 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."); Attia v. Soc'y of N.Y. Hosp., 201 F.3d 50, 54 (2d Cir. 1999) ("It is a fundamental principle of our copyright doctrine that ideas, concepts, and processes are not protected from copying."); Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960) (L. Hand, J.) ("[T]here can be no copyright in the 'ideas' disclosed but only in their 'expression.'"). Further, to the extent the two works have general and abstract similarities – including their vaguely similar titles and inclusion of illustrations of prepared dishes, health advice, personal narrative, descriptions of how to make purees, instructions for preparing dishes, and language about children's healthy eating – the district court correctly concluded that these elements do not raise a fact issue for trial because they are "scènes à faire," or "unprotectible elements that follow naturally from [the] work's theme rather than from [the] author's creativity." MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 194 (2d Cir. 2004); see generally 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.03[B][4] (2009) ("Labeling certain stock elements as 'scenes a faire' does not imply that they are uncopyrightable; it merely states that similarity between plaintiff's

4

and defendant's works that are limited to hackneyed elements cannot furnish the basis for finding substantial similarity." (footnote omitted)).

Our independent comparison of the two cookbooks confirms that the "total concept and feel" of Deceptively Delicious is very different from that of The Sneaky Chef. Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 133-34 (2d Cir. 2003); see also Reyher v. Children's Television Workshop, 533 F.2d 87, 91-92 (2d Cir. 1976). As the district court observed, Deceptively Delicious lacks the extensive discussion of child behavior, food philosophy, and parenting that pervades The Sneaky Chef. Unlike The Sneaky Chef, which uses primarily black, gray, and shades of brownish orange, Deceptively Delicious employs bright colors and more photographs. While The Sneaky Chef assumes greater familiarity with cooking, recommends thirteen methods for hiding healthy foods, and provides recipes for multiple-ingredient purees, Deceptively Delicious instructs readers about only single-ingredient purees and contains more basic instructions. Plaintiffs correctly note that "no plagiarist can excuse the wrong by showing how much of [her] work [s]he did not pirate." Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) (L. Hand, J.). Like the district court, we nevertheless conclude as a matter of law that the two cookbooks lack the substantial similarity required to support an inference of copyright infringement. Cf. Boisson v. Banian, Ltd., 273 F.3d at 274 (finding copyright infringement based on "enormous amount of sameness" between two quilts).

5

2.      Trademark Infringement

Plaintiffs contend that the district court erred by concluding that there was not likely to be any consumer confusion between (1) defendants' title and their realistic depictions of (a) a winking woman standing near carrots and holding a plate of brownies and (b) the same woman "shushing" in a head-and-shoulder cameo and (2) plaintiffs' title and their stylized image of a female chef winking and "shushing" while concealing carrots behind her back. Specifically, plaintiffs fault the court for making this finding without considering all of the factors identified in Polaroid Corp. v. Polaroid Electronics Corp., 287 F.2d 492, 495 (2d Cir. 1961). We are not persuaded.

"[A] district court need not 'slavishly recite the litany of all eight Polaroid factors in each and every case.'" Natural Organics, Inc. v. Nutraceutical Corp., 426 F.3d 576, 579 n.1 (2d Cir. 2005) (quoting Orient Express Trading Co. v. Federated Dep't Stores, Inc., 842 F.2d 650, 654 (2d Cir. 1988)). As the district court correctly recognized, "[i]n an appropriate case, the similarity-of-marks factor may alone be dispositive." Playtex Prods., Inc. v. Georgia-Pac. Corp., 390 F.3d 158, 166-67 (2d Cir. 2004), superseded on other grounds by statute as recognized in Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 108 (2d Cir. 2009). This is such a case.

On appeal from a grant of summary judgment, we give "considerable deference" to the district court's factual findings underlying individual Polaroid factors, but we review the balancing of Polaroid factors de novo. Id. at 162. Having considered the overall impression

6

on a consumer and the context in which the competing marks are displayed, we reach the same conclusion as the district court:  the marks are not confusingly similar.  See Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 117 (2d Cir. 2006).  Defendants' depictions of a winking woman holding brownies near carrots or simply "shushing" are very different from plaintiffs' considerably less detailed and less colorful image of a female chef winking and "shushing" while holding carrots behind her back.  Further, defendants' use of the famous "Seinfeld" name reduces any likelihood of confusion regarding the marks.  See, e.g., Nora Beverages, Inc. v. Perrier Group of Am., Inc., 269 F.3d 114, 123 (2d Cir. 2001) (affirming summary judgment because "presence of prominent and distinctive labels . . . negates any possibility of a likelihood of confusion").  Finally, any similarity of meaning "lacks the uniqueness that would cause a consumer to disregard all differences between [the] marks."  Physicians Formula Cosmetics, Inc. v. W. Cabot Cosmetics, Inc., 857 F.2d 80, 84 (2d Cir. 1998).  In sum, like the district court, we conclude that dissimilarity of the marks is dispositive.  Accordingly, no remand for further findings with respect to other Polaroid factors is required.  Cf. Natural Organics, Inc. v. Nutraceutical Corp., 426 F.3d at 580.

We also identify no error in discovery limitations regarding plaintiffs' alleged intentional copying of the marks.  Because the marks are so dissimilar that no reasonable jury could find likely confusion, plaintiffs could not benefit from the presumption triggered by intentional copying.  See Universal City Studios, Inc. v. Nintendo Co., 746 F.2d 112, 119 (2d Cir. 1984); Warner Bros., Inc. v. Am. Broad. Cos., 720 F.2d 231, 247 (2d Cir. 1983) ("[I]f

7

comparison of the works reveals no fair jury issue concerning likelihood of confusion, then intent to copy, even if found from the proffered evidence, would not establish a Lanham Act violation.").

3.      Trademark Dilution

The absence of similarity also defeats plaintiffs' challenge to the adverse judgment on their state claim of trademark dilution. See N.Y. Gen. Bus. Law § 360-*l*. To determine the likelihood of dilution by blurring, courts consider six factors similar to the Polaroid factors, see N.Y. Stock Exch., Inc. v. New York, N.Y. Hotel LLC, 293 F.3d 550, 558 (2d Cir. 2002), and assess the similarity of the marks "in a similar fashion" as under federal trademark law, Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d at 119. We, therefore, conclude that plaintiffs' state claim for trademark dilution fails as a matter of law for the same reason as their federal trademark infringement claim.

We have considered plaintiffs' other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8