11-5259-cv
Belair v. MGA Entm't, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

------------------------------------------------------------------------

BERNARD BELAIR,
*Plaintiff-Appellant*,

v.                                                            No. 11-5259-cv

MGA ENTERTAINMENT, INC.
*Defendant-Appellee*,

MATTEL, INC.
*Defendant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        CHRISTOPHER K. HU (Gerard A. Haddad, *on the brief*), Dickstein Shapiro LLP, New York, New York.

APPEARING FOR APPELLEES:  JASON  D.  RUSSELL  (Hillary A. Hamilton, Kenneth A. Plevan, Jordan A. Feirman, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, Los Angeles, California, and New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 16, 2011, is AFFIRMED.

Plaintiff Bernard Belair appeals from an award of summary judgment in favor of defendant MGA Entertainment, Inc., on Belair's claim that MGA's Bratz dolls, as well as the sculpt, or underlying form on which these dolls are based, infringe his copyright in a photograph featured in an advertisement for Steve Madden shoes (the "Angel/Devil Girls photograph").  We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact.  See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Sudler v. City of New York, 689 F.3d 159, 168 (2d Cir. 2012).  In conducting that review here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court in its opinion.  See Belair v. MGA Entm't, Inc., 831 F. Supp. 2d 687 (S.D.N.Y. 2011).

To prove copyright infringement, a plaintiff must establish both (1) actual copying and (2) the illegality of that copying as evident from a substantial similarity between defendant's work and the protectible elements of plaintiff's work. See Peter F. Gaito Architecture LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010). Thus, while MGA does not dispute the first element, Belair cannot rely on that fact alone to defeat summary judgment. See id. at 63 (assuming actual copying but nevertheless analyzing whether substantial similarity existed between parties' designs); 4-13 Nimmer on Copyright § 13.03[A] (observing that even where "fact of copying is conceded, no legal consequences will follow from that unless the copying is substantial").[1] Belair must point to a triable issue of material fact as to the substantial similarity of his Angel/Devil Girls photograph and MGA's Bratz dolls to survive summary judgment.

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001) (alteration in original; internal quotation marks omitted). When a work

---

[1] Belair relies on two cases for the proposition that, once actual copying is shown, substantial similarity is always, without more, a question for the trier of fact. Neither case so holds. Rogers v. Koons held that the plaintiff was entitled to summary judgment after a showing of actual copying because there was no doubt that the two works were substantially similar. See 960 F.2d 301, 307 (2d Cir. 1992). Computer Associates International, Inc. v. Altai, Inc. addressed the relevance of expert testimony to the question of substantial similarity, not whether a jury trial was appropriate in all cases involving actual copying. See 982 F.2d 693, 713 (2d Cir. 1992).

incorporates both unprotected and protected elements, however, courts apply a "more discerning observer" test, which requires "substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed [work]." Boisson v. Banian, Ltd., 273 F.3d 262, 272 (2d Cir. 2001) (internal quotation marks omitted). Whichever test applies, it is "entirely appropriate" for a district court to resolve the question of substantial similarity as a matter of law. Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d at 63–64.

Belair faults the district court's use of the "more discerning" test rather than the "ordinary observer" test. We need not conclusively decide which standard should apply because, even under the ordinary observer test, the record reveals no triable issue of fact as to substantial similarity. Further, because we need only visually compare the works, rather than examine issues of credibility, see Salinger v. Colting, 607 F.3d 68, 83 (2d Cir. 2010), we need not address the parties' arguments regarding expert testimony.

On our independent comparison of the figures depicted in Belair's photograph and the Bratz dolls, we reach the same conclusion as the district court: the images do not convey a substantially similar aesthetic appeal. It is true that the young women depicted in Belair's photograph and the Bratz dolls share exaggerated physical proportions characterized by large heads, eyes, and lips; small noses and waists; and longer-than-normal limbs. But these general similarities are outweighed and overshadowed by significant distinctions that contribute to the different aesthetic appeals of the Angel/Devil Girls photograph and the

4

Bratz dolls. See Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 912 (2d Cir. 1980) (holding that "general impression of similarity is not sufficient to make out a case of infringement"); 4-13 Nimmer on Copyright § 13-03 [A][4] (observing that even if "two works are similar in the layman's sense of the term," that is "plainly not enough" to demonstrate infringement).[2]  To be sure, "no plagiarist can excuse the wrong by showing how much of his work he did not pirate." Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) (L. Hand, J.).  That, however, is not this case.

Belair's photograph depicts young women of opposite characters, one a "Devil" and the other an "Angel."  Bratz dolls portray young women who not only share, but are defined by, a common characteristic: their "passion for fashion." J.A. 382.  Thus, even though one Bratz doll wears a shirt with the word "Angel" on it, the image is not substantially similar in its aesthetic appeal to Belair's halo-wearing angel.  And certainly none of the Bratz dolls sports horns or a tail, as does Belair's Devil figure.  Nor does the clothing worn by Bratz dolls mimic that worn by Belair's figures.  To be sure, all these figures wear chunky-heeled shoes, but such footwear was so generally in vogue at the time Belair's figures and MGA's

---

[2] The district court concluded that such exaggerated proportions of women were not entitled to copyright protection because they flowed naturally and necessarily from the decision to depict a fashionable figure.  See Belair v. MGA Entm't, Inc., 831 F. Supp. 2d at 694.  In support, it cited Mattel, Inc. v. MGA Entertainment, Inc., 616 F.3d 904 (9th Cir. 2010), which observed that any expression of "fashion-forward females" would "have to have" similar exaggerated proportions, id. at 915.  We need not adopt this conclusion categorically to conclude here that an ordinary observer would nevertheless not perceive Belair's photograph and the Bratz dolls to have the same aesthetic appeal.

Bratz dolls were being developed as to preclude a finding of substantially similar aesthetic appeal. See, e.g., J.A. 225–26, 229–31, 234, 237, 247, 251–52, 269.

The figures also have different-looking hair. While the Bratz dolls have long and tousled hair, the Belair figures have sleek and sculpted hair. And while Bratz dolls all have large eyes, this is true only of Belair's Devil figure, not his Angel. Indeed, the contrast between the dark, smoldering eye makeup on Belair's Devil and the lack of eye makeup on his Angel reinforces the message that these are young women of strongly contrasting characters. By comparison to Belair's Devil, the Bratz dolls all wear heavy but more colorful eye and lip makeup, conveying the message that these young women share a common but non-threatening fashion sensibility. The facial expressions of Belair's Devil and Angel figures further contribute to the theme of contrasting types, with the Devil Girl's expression suggesting rebellion, while that of the Angel Girl signaling innocence. The facial expressions of the Bratz dolls, by contrast, are vacuous and inscrutable. Their only aesthetic appeal derives not from their expressions, but from their heavy makeup and the funky "fashion" that is their "passion." This record is not akin to that in Fisher-Price, Inc. v. Well-Made Toy Manufacturing Corp., 25 F.3d 119 (2d Cir. 1994), abrogated on other grounds by Salinger v. Colting, 607 F.3d 68, 77 (2d Cir. 2010), where we identified substantial similarity in dolls that did "not merely share features that are common to all dolls" but "contain[ed] virtually identical expressions of those features." 25 F.3d at 124.

In sum, because the record does not admit a finding of substantial similarity, summary judgment was properly awarded in favor of defendants. We have considered Belair's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment in favor of MGA is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7