Barbara McDONALD, Plaintiff,

v.

K–2 INDUSTRIES, INC., d/b/a Pavilion Gift Company, Defendant.

Barbara McDonald, Plaintiff,

v.

K–2 Industries, Inc., d/b/a Pavilion Gift Company, a New York Corporation, et al., Defendants.

Nos. 09–CV–6357L, 10–CV–6678L.

United States District Court, W.D. New York.

Signed June 10, 2015.

Tedd S. Levine, Garden City, NY, for Plaintiff.

Andrew Peter Zappia, LeClairRyan, Terence Lee Robinson, Jr., Nixon Peabody LLP, Rochester, NY, for Defendant.

## DECISION AND ORDER

DAVID G. LARIMER, District Judge.

### INTRODUCTION

"In heaven an angel is nobody in particular." ~George Bernard Shaw

On earth, apparently, things are much different. In the mundane world of copyright law, an angel—or at least the image of one—can be very much "particular." This case concerns just such images.

Plaintiff Barbara McDonald brought two actions against K–2 Industries, d/b/a Pavilion Gift Company ("Pavilion") and Zina Hocker, alleging claims for copyright infringement as well as various claims under state law.

Based on a joint stipulation between plaintiff and defendants (10–CV–6678, Dkt. # 6), the Court has consolidated the two cases for all purposes (09–CV–6357, Dkt. # 45; 10–CV–6678, Dkt. # 7).[1] Defendants have filed a motion to dismiss only the amended complaint in the second action, filed in 2010, 10–CV–6678, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (09 # 38). Since both sides submitted materials outside the pleadings, the Court converted the motion to a motion for summary judgment under Fed. R. Civ. Proc. 56 (09 # 52).

### FACTUAL BACKGROUND

Pavilion, a New York corporation, is a wholesale manufacturer of gifts and gift products which are sold at retailers throughout the United States. (09 # 1, ¶¶ 5–7). In April 2006, plaintiff, a Florida resident, entered into an Artist Letter Agreement ("Agreement") with Pavilion, pursuant to which she agreed to create and design gift items to be sold by Pavil-

ion. The Agreement referred to the items that plaintiff would create as "(Pierced Angels and Elements) Name TBD" and "other designs and product as we may mutually agree in the future...." (09 # 1 at ¶¶ 1, ¶ 7). The Agreement was to remain in effect "as long as Pavilion is producing and promoting the product lines." (09 # 1 at ¶ 7). It is undisputed that pursuant to mutual agreement between plaintiff and Pavilion, the "Pierced Angels" line was never developed, and that only the "Elements" line is at issue here.

Under the terms of the Agreement, Pavilion agreed to pay plaintiff a royalty of seven percent of the amount of Pavilion's F.O.B. orders for Pierced Angels and Elements works or other agreed-upon works designed by plaintiff. (09 # 1 at ¶ 2). Plaintiff agreed that she would not sell or distribute any Elements designs which had already been designed for Pavilion, or similar works, for or to any third party, during or after the expiration of the Agreement. (09 # 1 at ¶ 9). She further agreed to "irrevocably assign" to Pavilion "all worldwide right, title, and interest, including copyright," in all Elements works or designs created by her before or after the date of the Agreement. (09 # 1 at ¶ 10).

In the 2009 action, plaintiff alleges that pursuant to the Agreement, she has provided Pavilion with original designs, that Pavilion has manufactured and sold products either directly taken from those designs, or based on portions of them, and that Pavilion has failed to pay her the contractually required royalty. The 2009 complaint thus sets forth claims sounding primarily in contract, and seeks a declaratory judgment, an accounting, compensatory damages and injunctive relief. (09 # 1).

---

1. Subsequent docket entry references will use an abbreviated format, in the form "09 # 45." "09" signifies the docket for the 2009–filed action, and "10" the docket for the 2010 one.

The numbers following "#" are references to the pertinent document number from the referenced docket.

In the 2010 action, plaintiff alleges that she owns copyrights to numerous original works of art, sixty-one of which have been registered with the United States Copyright Office. Plaintiff alleges that she has also submitted a copyright registration application for one additional work of art. That application has been denied, but plaintiff still claims a copyright in that work. (10 # 3 at ¶¶ 9–11).

Plaintiff alleges that beginning in or about April 2006, she presented Pavilion with original copyrighted works for its consideration, both as part of the Elements line and as proposed non-Elements works. Pavilion accepted some of those works, but rejected others. According to plaintiff, Pavilion has allegedly copied some of the "rejected" designs without her consent, and has manufactured and sold (and continues to sell), products that are substantially similar to plaintiff's copyrighted works. (10 # 3 at ¶¶ 15–18).

Based on these factual allegations, plaintiff asserts four claims in the 2010 action: (1) a claim for direct copyright infringement against Pavilion under 17 U.S.C. § 501; (2) a claim for contributory copyright infringement under § 501 against defendant Zina Hocker, who is alleged to be the president and chief executive officer of Pavilion; (3) a claim against Pavilion under New York law for unfair competition; and (4) a claim against Pavilion under New York law for unjust enrichment. Plaintiff seeks injunctive relief, as well as damages in an unspecified amount. (10 # 3).

The Court notes that defendants' motion to dismiss (now converted to a motion for summary judgment), which was filed after these actions were consolidated, addresses only the claims raised in the 2010 action, and thus does not implicate any of plaintiffs' claims in the 2009 action. *See Aetna Cas. and Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, App. A at 4, n. 2 (2d Cir.2005) ("consolidated cases do not lose their separate identity"); *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1358 (2d Cir.1975) ("[i]t is axiomatic that consolidation is a procedural device designed to promote judicial economy and that consolidation cannot [e]ffect a physical merger of the actions").

In support of their motion for summary judgment, defendants argue that: (1) a copyright infringement claim cannot be brought as to one of the marks alleged in the complaint, because that mark is unregistered; (2) as to the sixty-one registered marks, plaintiff has failed to plead, or cannot establish, all the elements of a copyright infringement claim; (3) plaintiff's works are not substantially similar to Pavilion's products; (4) plaintiff fails to state a claim for contributory infringement; (5) plaintiff's common law unfair competition claim is preempted; and (6) the unjust enrichment claim is both preempted and barred by the Agreement.

The Court heard extensive argument on the motion to dismiss. The matter was thereafter stayed for an ultimately unsuccessful attempt at mediation. On March 4, 2014, the Court issued an order directing the parties to file additional submissions relative to the converted motion, in the form of a "list" to include: (1) each copyright number in numerical order; (2) illustrations of each protected design at issue; (3) illustrations of each allegedly infringing work ("accused product"), and (4) information as to whether each design and accused product were Elements or non-Elements products. (09 # 70). Both parties submitted supplemental papers in response. In addition to its motion to dismiss, defendants have also moved (09 # 80) to strike plaintiff's second set of supplemental submissions for failure to comply with the Court's order.

For the reasons that follow, defendants' motion for summary judgment (09 # 38)

and motion to strike (09 # 80) are granted, and the 2010 amended complaint (10 # 3) is dismissed in its entirety, with prejudice.

## DISCUSSION

### I. General Standards

■ Although the Court has converted defendants' motion to dismiss to a motion for summary judgment, I note initially that "[t]here is no heightened pleading requirement applied to copyright infringement claims; a claim of copyright infringement need only meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Levine v. Landy,* 860 F.Supp.2d 184, 191 (N.D.N.Y.2012) (citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 119–121 (2d Cir.2010)). *See also Blagman v. Apple Inc.,* No. 12 Civ. 5453, 2013 WL 2181709, at *3 (S.D.N.Y. May 20, 2013) ("[a]lthough a plaintiff must describe the acts constituting copyright infringement with some specificity, copyright claims are not subject to particularity in pleading") (internal quotes omitted).

■ In short, a copyright plaintiff need not plead detailed evidence, but she must allege facts—not just legal conclusions—demonstrating the existence of a facially plausible claim, *i.e.,* that she owns one or more valid copyrights that have been infringed by defendants. *See, e.g., Janky v. Lake County Convention and Visitors Bureau,* 576 F.3d 356, 361 (7th Cir.2009); *National Bus. Dev. Services, Inc. v. American Credit Educ. and Consulting Inc.,* 299 Fed.Appx. 509, 512 (6th Cir.2008).

In assessing plaintiff's claims, then, the Court imposes no higher burden on plaintiff than on any other civil litigant. Plaintiff must first state a facially valid copyright claim, and, to survive a motion for summary judgment, present evidence from which a reasonable factfinder could find in her favor.

■ With respect to claims of direct copyright infringement, a plaintiff must allege and ultimately demonstrate, "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Blagman,* 2013 WL 2181709, at *2 (citing *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35 (S.D.N.Y.1992), *aff'd without opinion,* 23 F.3d 398 (2d Cir.1994)). *Accord Ranieri v. Adirondack Dev. Group, LLC,* No. 11–CV–1013, 2013 WL 1292010, at *3 (N.D.N.Y. Mar. 27, 2013); *Ritani, LLC v. Aghjayan,* 880 F.Supp.2d 425, 440 (S.D.N.Y.2012); *Kuklachev v. Gelfman,* 600 F.Supp.2d 437, 473 (E.D.N.Y.2009).

Subsumed within the fourth element—the infringing acts—is the issue of substantial similarity. *See Peter F. Gaito Architecture, LLC v. Simone Development Corp. ("Gaito"),* 602 F.3d 57, 63 (2d Cir. 2010) ("[i]n order to establish a claim of copyright infringement, a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's") (internal quotation marks omitted).

As in many copyright cases, it is on that fourth element that the resolution of this motion depends. Plaintiff has identified numerous copyrights upon which the defendants have allegedly infringed, but the primary question before the Court is whether a reasonable trier of fact could find that the accused products bear substantial similarity to the protectable portions of plaintiff's designs.

■ In that regard, the requirement that the plaintiff identify both the allegedly

infringed works and the infringing acts does not necessarily mean that the plaintiff must identify, element by element, precisely which features are the same or similar between plaintiff's designs and the defendant's products. The Second Circuit has expressly rejected such an analysis, stating that "[t]he standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir.2001) (internal quotation marks omitted). "In applying the so-called 'ordinary observer test,' [the court] ask[s] whether 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" *Gaito*, 602 F.3d at 66 (quoting *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir.1995) (internal quotation marks omitted)). On occasion, "[w]hen a work incorporates both unprotected and protected elements," the Second Circuit has applied "a 'more discerning observer' test, which requires 'substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed [work].'" *Belair v. MGA Entertainment, Inc.*, 503 Fed.Appx. 65, 66 (2d Cir.2012) (unpublished opinion) (quoting *Boisson v. Banian, Ltd.*, 273 F.3d 262, 272 (2d Cir.2001) (internal quotation marks omitted)).

■ Regardless of which test is applied, however, the Second Circuit has "disavowed any notion that [a court is] 'required to dissect [the works] into their separate components, and compare only those elements which are in themselves copyrightable.'" *Gaito*, 602 F.3d at 66 (quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 133 (2d Cir.2003)). Rather, in determining the issue of substantial similarity, the court should be "principally guided by comparing the contested design's 'total concept and overall feel' with that of the allegedly infringed work ... in the end, [the] inquiry necessarily focuses on whether the alleged infringer has misappropriated the original way in which the author has 'selected, coordinated and arranged' the elements of his or her work." *Gaito*, 602 F.3d at 66 (internal quotation marks and citations omitted). As such, the ultimate test of a copyright claim boils down to a reasoned application of "common sense." *Gordon v. McGinley*, 502 Fed.Appx. 89, 90 (2d Cir.2012) ("[w]hether the 'ordinary observer' test or the 'more discerning observer' test is employed, the copyright infringement analysis involves a 'common sense' determination, based solely on the works themselves, as to whether the allegedly infringing work is substantially similar to the copyrighted work, focusing on 'total concept and overall feel'") (quoting *Gaito*, 602 F.3d at 66).

Admittedly, as the Second Circuit has observed, the "test for infringement of a copyright is of necessity vague," *Gaito*, 602 F.3d at 63 (internal quotation marks omitted), and "presents one of the most difficult questions in copyright law ..." *Id.* (quoting 4–13 Nimmer on Copyright § 13.03 (2009)). "For that reason, and because the question of substantial similarity typically presents an extremely close question of fact, questions of non-infringement have traditionally been reserved for the trier of fact." *Id.* (citation omitted).

■ Nevertheless, there are circumstances where district courts may (and routinely do) decide the issue of substantial similarity as a matter of law. "[W]here, as here, the works in question are [submitted to the court], the district court may consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an

evaluation." *Klauber Brothers, Inc. v. The Bon–Ton Stores, Inc.,* 557 Fed.Appx. 77, 80 (2d Cir.2014) (internal quotation marks omitted) (unpublished opinion). Once the works are evaluated and compared, summary judgment is appropriate if the visual similarity between the copyrighted and accused works "concerns only non-copyrightable elements of the plaintiff's work, or [if] no reasonable jury, properly instructed, could find that the two works are substantially similar." *Gaito,* 602 F.3d at 63. *See also Belair,* 503 Fed.Appx. at 66–67 ("it is 'entirely appropriate' for a district court to resolve the question of substantial similarity as a matter of law") (quoting *Gaito,* 602 F.3d at 63–64).

## II. Defendants' Motion to Strike

It was to facilitate the kind of side-by-side comparison required for assessment of the "substantial similarity" question that the Court issued its March 4, 2014 Order (09 # 70) asking the parties to each present, in the form of a list or chart, information concerning the copyrights, designs, and products at issue. (Although an assortment of images of the copyrighted designs and accused products was already before the Court, those images had not been organized into a particularly clear or useful form.) In response, defendants submitted a detailed chart, over 250 pages in length, listing each of the copyrights, designs, and products at issue, complete with pictures of each copyrighted design and accused product, and information as to whether each subject design and product had been submitted or produced as part of the Elements line. (09 # 72–1–# 72–13).

In contrast, plaintiff submitted a collection of over 600 pages representing copies of the copyright filings at issue, along with photographs of various catalog pages advertising defendants' products and other pieces of documentary evidence, such as correspondence. (09 # 73–# 79). None of the information is organized into a list or chart, some of the products accused in some claims appear to have been changed without explanation, and to the extent that the majority of plaintiff's claims involve allegations that accused products simultaneously infringed on aspects of multiple designs, it is unclear which of the many depicted designs are copyrighted separately, if in fact they are copyrighted at all.

Overall, plaintiff's submission has frustrated the Court and has obfuscated the issues, rather than assisting the Court in understanding the nature and breadth of plaintiff's claims, especially as to the key issue of "substantial similarity." Defendants have moved to strike plaintiff's second supplemental submissions on that basis, and the Court concurs. Plaintiff's second set of supplemental submissions in opposition to the defendants' motion for summary judgment (9 # 73, # 74, # 75, # 76, # 77, # 78, and # 79) is accordingly stricken. The Court notes that even assuming *arguendo* that plaintiff's submissions were considered, they are so confounding, and contain so little material of clear relevance, that they would do nothing to advance plaintiff's claims or to counter the instant motion for summary judgment.

## III. Defendants' Motion For Summary Judgment

Plaintiff's copyright claims can be broken down into two main categories. The first of these includes works that plaintiff allegedly submitted for consideration outside the Elements line. Plaintiff alleges that Pavilion has produced these products (some as part of the Elements line, and others in other lines) without her approval and/or without compensation. *See* McDonald Supp. Decl., 10 # 57 at ¶ 13.

Second, plaintiff alleges that Pavilion purported to reject some works that she submitted for the Elements line, but then

used those works, or substantially similar works, nonetheless. *See* McDonald Supp. Decl., 10 # 57 at ¶ 17. Plaintiff alleges that since Pavilion "rejected" those works, she never relinquished her copyright in them.

To the extent that Pavilion sold works that were both submitted by plaintiff as Elements designs, *and* produced as Elements products by Pavilion, I note that those claims are clearly governed by the Agreement, and that plaintiff has no copyright claim as to them. Plaintiff "irrevocably assign[ed]" to Pavilion "all worldwide right, title, and interest, including copyright," in all such works and designs. (09 # 1 at 10, ¶ 10.) Plaintiff may be able to recover damages under the Agreement, if Pavilion has failed to pay her the royalties it requires, but her claims that exclusively involve Elements designs *and* products (specifically, her claims pertaining to Copyright Numbers 4, 18, 26, 32, and 39) [2] are properly decided under plaintiff's 2009 complaint sounding in contract, and not as copyright claims. Those claims are therefore dismissed.[3]

The defendants also move to dismiss a number of plaintiff's claims for which she identifies a copyright, but fails to specify or accuse a single allegedly-infringing product (Copyright Numbers 8, 36, 42 and 55). Because plaintiff has failed to allege and/or offer evidence that the defendants produced any infringing products relative to these copyrights, summary judgment is appropriate on those claims as well, and they are dismissed from the 2010 amended complaint.

With regard to plaintiff's remaining claims of copyright infringement, the Court has undertaken a painstaking, side-by-side comparison and analysis of plaintiff's copyrighted designs and the accused products, and has made individualized findings of fact with regard to each of the subject copyright claims, a summary of which is annexed as Exhibit A, and incorporated herein by reference. Upon a careful and detailed review of the evidence of record, I find that even applying the most lenient available standard, that of the "ordinary observer," no reasonable trier of fact could find that any of the accused products are "substantially similar" to the plaintiff's copyrighted designs.

 Initially, I note that the overwhelming majority of plaintiff's copyrighted designs represent her expression of a "basic idea" (or combination of basic ideas) well-known in the public domain, such as a red cardinal, a tree, a rose, an angel in the form of a winged woman, ·a Santa Claus figure in a red suit, a·"three-ball" snowman, a heart shape, a cruciform (cross) shape, paisley patterns, stripe patterns, and decorative scrollwork. It is well set-

---

**2.** For the sake of clarity, the Court will refer to each of the 62 claimed copyrights at issue using the reference numbers assigned by the July 31, 2013 declaration of Carla Ford, and utilized by the parties in subsequent filings. (09 # 54–3 and exhibits thereto). Exhibit A, annexed hereto, contains a chart which lists both the reference numbers, and the actual copyright (or application) numbers, for each of the claimed copyrights.

**3.** Defendants urge the Court to find that the Agreement's assignment of copyrights embraces all claims involving products that were designed for the Elements line and allegedly produced as part of another line, and those allegedly designed outside of the Elements line, but produced under it. (09 # 92 at 5–6). For purposes of the instant motion, and in the interest of construing all inferences in plaintiff's favor and addressing her claims on the merits, I decline to interpret the Agreement so expansively at this juncture, and will assume *arguendo* that claims involving designs (or combinations of designs) and products (or combinations of products) which do not fall entirely within the Elements line, should proceed to a "substantial similarity" comparison analysis.

tled that basic ideas are not protectable by copyright. "It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular *expression* of an idea and never to the idea itself." *Reyher v. Children's Television Workshop,* 533 F.2d 87, 90 (2d Cir. 1976) (emphasis added). As such, traditional or quasi-natural depictions of ideas such as animals, angels, snowmen, or holiday-themed images and verbiage like holly berries and the word "joy," are not protectable ideas. *Id. See Eden Toys, Inc. v. Marshall Field & Co.,* 675 F.2d 498, 500 (2d Cir.1982) ("[b]earing in mind the traditional characteristics of all snowmen, we find no error in [the lower court's] conclusion that any similarity between [stuffed toy snowmen] would appear to the ordinary observer to result solely from the fact that both are snowmen"); *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.,* 509 F.2d 64, 65 (2d Cir.1974) (copyright protection does not extend to the idea of a gold turtle pin with an oval cluster of gems conforming to the normal shape of a turtle's back, "[s]ince all turtles are created more or less along the same lines"); *Great Importations, Inc. v. Caffco International, Inc.,* 1997 WL 414111, at *4, 1997 U.S. Dist. LEXIS 10700 at *11–*12 (S.D.N.Y. 1997) (the combination of angels, holly, and the letters of the word "joy" as "Christmas appurtenances" is not protectable: similarly, the "stereotypical attributes of baby angels or cupids" such as round cheeks, smiling or bemused expressions, and the wearing of loose robes or drapery, follow a "common theme" which is not protectable). *See generally Lapine v. Seinfeld,* 375 Fed. Appx. 81, 83 (2d Cir.2010) (an idea cannot be copyrighted); *New York Mercantile Exchange, Inc. v. IntercontinentalExchange, Inc.,* 497 F.3d 109, 116 (2d Cir. 2007) ("[i]t has been long accepted that copyright protection does not extend to ideas; it protects only the means of ex-

pression employed by the author") (internal quotation marks omitted).

Thus, it is only plaintiff's particular *expression* of the basic ideas she employs—the original and artistic way in which she has chosen to select, combine, arrange and represent them—that is protectable. *See Gaito,* 602 F.3d at 66. *See also Cameron Industries, Inc. v. Mother's Work, Inc.,* 338 Fed.Appx. 69, 70 (2d Cir.2009) (equating "protectable" with "artistic" aspects of a work); *Boisson v. Banian, Ltd.,* 273 F.3d 262, 268 (2d Cir.2001) (protection extends only to a work that is "original to the author," meaning "a work that comes from the exercise of the creative powers of the author's mind").

■■■ In addition to claiming infringement with regard to her expression of a number of basic ideas, plaintiff also attempts to assert "aggregated" copyright claims. Specifically, plaintiff contends that the defendants infringed on her protected work, not by replicating designs from a single copyright, but by "cherry picking" various elements from several different copyrighted designs, and then cobbling them together, often resulting in a product with an entirely different form or intended purpose than plaintiff's designs, but which, according to plaintiff, nonetheless infringes upon the several unrelated designs as a whole.

Plaintiff presents no authoritative case law supporting her theory that such allegations of aggregated copyright infringement are cognizable. To the contrary, "nothing in the Copyright Act of 1976 (which refers to the infringed 'work' in the singular) or in the precedents of [the Second] Circuit supports the view that a plaintiff's entire oeuvre [ (body of work) ], *or even an aggregated portion of it,* may be used as the point of comparison [against an allegedly infringing product] where the works included [in plaintiff's body of work or ag-

gregated portion of it] bear little or no relation to one another ..." *Kroencke v. General Motors Corp.*, 270 F.Supp.2d 441, 444 (S.D.N.Y.2003) (dismissing copyright claim by plaintiff who alleged that defendant's graphic art infringed upon seven different works by plaintiff, by imitating details of their human subjects such as poses, hands, shoes, and eyelashes) (emphasis added).

Indeed, since it is well settled that copyright protection for basic ideas is intended to safeguard the particular way in which an artist "selected, coordinated and arranged" the elements of a work, *Gaito*, 602 F.3d at 66, it is difficult to imagine how plaintiff's allegations that the defendants infringed upon her copyrighted works by means of "selecting" minor elements of multiple unrelated copyrighted works, and then "coordinating" and "combining" them into *something completely different* from any of her designs, could possibly establish a claim for infringement. As such, I note that plaintiff's attempt to rely on the aggregation of discrete fragments of multiple, unrelated and dissimilar copyrighted works in order to demonstrate overall "substantial similarity" of accused products is not tenable in the first instance.

Furthermore, even assuming *arguendo* that plaintiff's aggregated copyright infringement claims (which comprise the vast majority of her allegations) could be properly considered along with her "standalone" infringement claims involving a single copyrighted design, the accused products nonetheless lack substantial similarity to plaintiff's copyrighted works. In order to grant plaintiff the benefit of every favorable inference, the Court has included plaintiff's aggregated or fragmented copyright infringement claims in its individualized analysis of the copyrights and accused products at issue, and has concluded with regard to each that any alleged similarity concerns only non-copyrightable, "basic idea" elements of the plaintiff's work, and/or that no reasonable, properly-instructed jury could find that the accused works are substantially similar to plaintiff's designs. *See* Exhibit A.

Discussion of some representative claims illustrates the point. For example, in several of her contentions, plaintiff alleges that one particular Pavilion product (a tiered pedestal, anchoring a stylized three-dimensional tree made up of spiraling wire branches, decorated with 5–petaled blossoms, leaves, a nest with eggs, and figures of a cardinal, a chickadee and another bird) infringes on at least four different copyrights, for: (1) Victorian-style floral artwork of roses, vines, lilies, insects and 5–petaled blossoms and leaves (Copyright Number 7, 10 # 3–1 at 54–55); (2) a design for an avian-themed candleholder, consisting of a portion of a tree limb, upon which rests a nest-shaped votive holder and a bird figurine (Copyright Number 31, 10 # 3–2 at 7–8); a design for a minimalist, bare-branched "Charlie Brown"-style Christmas tree decorated with a star and round ball ornaments (*id.*); a holiday ornament comprised of a Christmas wreath with a sleigh bell suspended in the center, with the figure of a bird perched on top (*id.*); a tiered pedestal taper candleholder (Copyright Number 37, 10 # 3–2 at 15–16); greeting card art showing a holly wreath, decorated with poinsettia flowers, with a chickadee perched on a branch in the center of the wreath (Copyright Number 17, 10 # 3–1 at 62–63); and additional sketches of birds and arabesques (spirals) which are not a readily-apparent part of any copyrighted material, but which the Court assumes *arguendo* are protected.

Notwithstanding plaintiff's claim that the Pavilion tree infringes on her copyrighted designs for images of 5–petaled blossoms, pedestal candlesticks, spiral shapes, birds, and a tree, each of these

concepts are "basic ideas" which are not, by themselves, protectable. *See generally Eden Toys, Inc.,* 675 F.2d 498 at 500.

It is manifest on visual inspection that the accused Pavilion tree does not reproduce the subject matter or composition of any of plaintiff's designs precisely, or otherwise replicate her "aesthetic decisions" with regard to the selection, coordination or arrangement of ideas and images. *Gaito,* 602 F.3d at 66. For example, the birds on the Pavilion tree are posed differently from those shown in plaintiff's bird designs, the proportion and scale of the flowers and leaves on the Pavilion tree is different from that of plaintiff's graphic art of flowers and leaves, the spiraling branch tips on the Pavilion tree are more elaborate than plaintiff's spirals, the Pavilion tree's branches are comprised of curved wires of a single width instead of the straight, spiky, tapered branches of plaintiff's tree design, and the Pavilion tree pedestal has a shape, number of tiers, color scheme and decorative pattern that is different from plaintiff's candlestick design in every respect. Furthermore, the overall "feel" of the accused product is different from that of plaintiff's designs; the Pavilion tree is rendered with a simplistic, whimsical character, with floral accents and an egg-filled bird nest suggesting spring or summer. In contrast, plaintiff's subject designs are rendered in a more realistic and even formal style, and several are overtly themed to winter and/or the Christmas holiday season, illustrated in the traditional color palette of red and green, or including other seasonal accoutrements such as holly, poinsettia flowers, and a sleigh bell.

In sum, the elements that the accused Pavilion tree has in common with plaintiff's designs do not represent a protectable combination of plaintiff's original, creative expressions of basic ideas: the common elements consist exclusively of the *basic*

*ideas themselves* (a cardinal, a chickadee, a nest, a pedestal, a tree, flowers, spiral shapes), combined and composed in a manner not suggested by any of plaintiff's designs, and evoking an entirely different mood and feel. The alleged similarities between the two thus concern non-protectable elements of the plaintiff's work, and to the extent that they might share any protectable ideas, I find that no reasonable trier of fact could conclude that Pavilion's spiral-tipped wire tree with birds of different species, flowers and an egg-filled nest is "substantially similar" to plaintiff's various, unrelated designs for taper candle holders, Christmas decorations and décor, and floral artwork.

Other claims by plaintiff spring from her allegations that Pavilion infringed upon her copyrighted designs by using particular decorative techniques or graphic art patterns: lace patterns, paisley patterns, scroll borders, rope borders, stripes, metallic accents, folk art-style flowers, collages of three-dimensional textures and patterns, embossing, debossing and piercing.

For example, plaintiff claims that Pavilion produced multiple products that violate her copyright for a set of coordinating "Scroll Christmas Patterns," which includes a particular border of repeating, connected scrollwork positioned between horizontal lines. (Copyright Number 52, 10 # 3–2 at 54–55). The scrollwork is comprised of cream-colored curling shapes with irregular edges (resembling leaves or feather plumes) and flowers, outlined in black, and highlighted by contrasting background colors: dark green above the scrolls, and light green below, with even, horizontal stripes of black, cream and red in varying widths above and below the scrollwork border. The accused products include a decorative red, green and cream-colored Christmas plate with a scroll border, a line of coordinating Christmas table-

ware (bowl, plate and cake plate) with a scroll border, and a finial-style Christmas tree ornament with a scrollwork cross design. While all of the accused products feature scrollwork rendered in Christmas colors, none of that scrollwork particularly resembles plaintiff's scrollwork design. In every case, the accused "scrollwork" designs are comprised of lines of uniform width with no irregular edges (not suggesting the appearance of curled leaves or feathers, but rather of unadorned vines), not visibly repeating, not outlined, not employing different colors above and below the scrolls, and unenhanced with flowers or other decorative details. The use of scrollwork as a decorative element is not by itself unique—it has been commonplace for centuries—and the dramatic and clearly-identifiable differences between plaintiff's ornate scrollwork design and the simple vine pattern on the accused products are sufficiently numerous that they represent an entirely different style and theme. The only apparent similarity between plaintiff's design and the accused products is the mere combination of scrollwork with a traditional Christmas color palette; both non-copyrightable, "basic ideas." To the extent that plaintiff's design does contain her own unique, artistic and protectable interpretation of holiday-themed scrollwork, I find that no reasonable trier of fact could find that any of the accused products are substantially similar to the protectable portions of her design. *See e.g., Klauber Brothers, Inc.,* 557 Fed.Appx. at 80 (district court properly dismissed copyright claim involving lace waistband designs on the grounds that there was no substantial similarity, where both designs contained curling sprigs, leaves and flowers, but the accused designs could be distinguished by longer, winding and more delicate designs, with leaves of a different shape and size, and flowers represented by blossoms growing downward, in contrast to the upward-growing buds of plaintiff's design,

with "the accumulation of these differences giv[ing the accused product] a substantially different 'total concept and overall feel' than [plaintiff's] designs") (quoting *Gaito,* 602 F.3d at 66).

The examples discussed above are representative of plaintiff's claims, but by no means exhaustive. Again, the Court has carefully compared all of plaintiff's copyrighted designs with the accused products, and has determined in each case that the alleged similarity concerns only non-copyrightable elements of the plaintiff's work, and/or that no reasonable jury, properly instructed, could find that the two works are substantially similar. *See* Exh. A (chart containing the Court's particularized findings of fact with respect to each remaining copyright claim).

In addition to the fact that the evidence of record fails to raise a triable question of fact concerning the issue of substantial similarity for any of plaintiff's copyright infringement claims, the Court also notes that with respect to Copyright Numbers 3, 9, 10, 13, 15, 22, 25, 34, 45, 49, 56, and 59, Pavilion has presented uncontroverted evidence (including copies of original designs and invoices) that some or all of the products accused in those claims were designed by third parties and not by plaintiff, and that those parties were compensated for their work. Visual comparison of the third party designs with the accused products reveals them to be substantially similar, and in some cases, identical. Plaintiff's claims with regard to those products are therefore dismissed in any event.

## IV. Unregistered Mark

Defendants also assert that, with respect to at least one of her works, plaintiff has not met the third element of a claim of copyright infringement, because she has not alleged that she registered all of her works prior to filing this lawsuit. Among the works that form the basis of plaintiff's

copyright claims is one for plate shapes ("Copyright" Number 61), as to which plaintiff applied for copyright protection, but was denied.

A claim for copyright infringement requires a copyright holder to first register his work before filing suit. 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 157–158, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010). In *Reed Elsevier,* the Supreme Court concluded that registration of a copyright is not a jurisdictional requirement, but rather "imposes a type of precondition to suit." *Id.,* 559 U.S. at 166, 130 S.Ct. 1237.

The Second Circuit has not addressed the specific question of whether mere application or actual issuance of registration is required to bring a claim for copyright infringement. However, this Court need not resolve the issue here; having reviewed the subject copyright application and the accused product (10 # 3–3; 09 # 72–13 at 15–19), I find that regardless of whether plaintiff may claim a copyright interest in the unregistered work, her claims concerning it are subject to dismissal, because no reasonable trier of fact could find that plaintiff's designs are "substantially similar" to Pavilion's accused plates, the first of which is simply a square shape (a basic idea), and the second of which has a more unusual, 12–sided shape with decorative scalloped edges that does not resemble any of the shapes which plaintiff attempted to copyright. *See* Exh. A.

## V. Plaintiff's Claims for Contributory Infringement, Unfair Competition and Unjust Enrichment

Plaintiff's claims for contributory infringement against individual defendant Hocker, and for unfair competition and unjust enrichment against both defendants, are predicated on her claims of copyright infringement. Because I find that no reasonable trier of fact could find in plaintiff's favor on her copyright infringement claims, her claims of contributory infringement, unfair competition and unjust enrichment are likewise dismissed. *See e.g., Faulkner v. National Geographic Enters., Inc.,* 409 F.3d 26, 40 (2d Cir.2005) (claim for contributory infringement cannot lie, absent actual infringement); *Porto v. Guirgis,* 659 F.Supp.2d 597, 616–617 (S.D.N.Y.2009) (where the underlying claims of direct copyright infringement have been dismissed, claims for unfair competition and unjust enrichment claims must be dismissed).

## CONCLUSION

For the foregoing reasons, defendants' converted motion for summary judgment (09–CV–6357, Dkt. # 38) and motion to strike (09–CV–6357, Dkt. # 80) are granted. Plaintiff's 2010 amended complaint (10–CV–6678, Dkt. # 3) is dismissed in its entirety, with prejudice. Plaintiff's 2009 complaint (09–CV–6357, Dkt. # 1) is now the sole operative complaint in this action.

IT IS SO ORDERED.

## (EXHIBIT A)

*McDonald v. K-2 Industries et al.*, 09-CV-6537, 10-CV-6678 (EXHIBIT A)

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 1 | VA 1-731-125 | *Abalone Angel Figurine*[2] (Non-"Elements") | Glass-wing "See Dreams" Angel Figurine (Non-"Elements") | **No.** The plaintiff's copyright is for a traditional angel figurine, pictured as a tall, forward-facing woman in a long gown with wings, but with an "ocean" theme: she holds a scallop shell to her bosom, her gown is made from a combination of materials including "sand" and translucent blue-green "poly" material, and her wings are formed from abalone shells. The accused product is a ceramic angel figurine of less exaggerated proportions, turning sideways in a different pose, with a pearl in one hand, colored glass wings, and an inscribed message on the skirt of her gown. The more unique, artistic elements of plaintiff's design (e.g., abalone wings, gown made of sand/translucent poly material, scallop shell) are not duplicated in the accused product. The only similarities between the figures arise from basic ideas: the fact that both figurines represent angels, and that both make use of blue/green colors in some way, and both include items associated with the ocean (in the copyrighted design, shells, and in the accused product, pearls). None of these elements are used in the same way, and given the obvious differences in style, scale and other details on the figurines (e.g., style of dress, pose, presence of message) no reasonable trier of fact could find the two figures to be substantially similar. |
| 2 | VA 1-731-162 | *Framed Round Glass Plaque on Pedestal* and *Rectangular Message Plaques/ Picture Frames with Flowers and Swirls* (Non-"Elements") | Round Plaque on Stand; Artwork with simple flowers and swirls (Non-"Elements") | **No.** The plaintiff's designs depict: (1) a round glass plaque on a narrow pedestal, with a suggested message of, "Angel's [illegible] in a Garden"; and (2) generic flower and swirl designs for plaques, artwork and picture frames. The accused products are plaques with a stone-looking finish, interspersed with areas of floral-mosaic details, and messages including, "We create our tomorrows by what we dream today," and a line of rectangular artwork with overlapping (collage-style) patterns of swirls and flowers. Collage-style variations in textures and patterns and the use of swirls, flowers, round plaques, and pedestals, are not copyrightable ideas by themselves. In any event, the obvious differences in materials, shape, style and proportion of the pedestals/stands, style of artwork, the particular patterns used, and the theming and messages on the accused products would not support a finding of substantial similarity for any of them. |

---

[1] Copyright numbers 1-62 are assigned for ease of reference. *See* July 31, 2013 Ford Decl, 09-CV-6357 Dkt. #54-3.

[2] Italicized design descriptions indicate the portions of the numbered copyright being reviewed. Non-italicized designs are derived from other copyrights, or from non-copyrighted designs, which are alleged to have been combined with the instant copyrighted design to create an infringing product.

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 3 | VA 1-731-127 | Multiple designs: *Cherub with Lamb Figure* (Non-"Elements"); combined with a Lace pattern (no copyright indicated) | Cherub with Lamb Figure and other Assorted Cherub Figures from "Little Things Mean a Lot" Collection (Non-"Elements") | **No.** The plaintiff's design shows a seated, robed cherub figurine with bird-like wings, holding a cartoonish-style lamb in its lap, with the words "Wrapping love around ewe" or "Wrapping ewe with love." The most similar figurine among the accused products is that of a seated, loincloth-wearing cherub with dainty lace wings, each in a boteh (paisley teardrop) shape, holding a realistically-rendered lamb against its chest, and sitting on a cloud-shaped base inscribed with the words, "May God bless you and keep you." The numerous obvious differences between the two figurines, including their dress, pose, wing shape, lamb rendering, base and message are sufficiently distinct from plaintiff's design to rule out substantial similarity.

\*Also, defendants have submitted uncontroverted evidence that the accused Cherub with Lamb figure was designed by a third party, who was compensated for her work. Visual comparison of her figurine design shows it to be identical in every respect (including the use of lace wings in the shape of a paisley teardrop) to the accused product, with the exception of the "May God bless you and keep you" message, which does not appear on her design. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 6). |
| 5 | VA 1-739-139 | *Little Lamb Dishware and Nursery Décor Designs* (Non-"Elements") | Baby Photo Frames and Cherub Figurines (Non-"Elements") | **No.** Plaintiff's designs include a line of dishware and décor with a specific drawing of a lamb with prominent horns, and a coordinating pattern of dots and folk art-style roses. The accused products are photo frames for baby pictures and cherub/child figurines, with painted accents that include folk art-style flowers and stars. The accused products don't feature lambs, and the floral artwork is visibly different from the pattern designed by plaintiff, in scale and overall shape. Furthermore, the accused products feature additional elements (e.g., stars, leaves, words) not present on plaintiff's designs. No reasonable trier of fact could find they were substantially similar. |
| 6 | VA 1-739-350 | Multiple designs: *Santa Claus drawing*; *Scroll/Flower design* (Non-"Elements"); combined with various drawings of cardinals and birds on birdhouses (copyrighted separately) (Non-"Elements") | Various items of décor and figurines showing cardinals and/or birdhouses; Cherub figures with floral accents (Non-"Elements") | **No.** Plaintiff's designs include traditional (white beard and red hat) depictions of Santa Claus, a scroll-and-flower design (appearing as a wallpaper pattern in the background of a drawing of teddy bears), and various drawings and designs of cardinals and other birds, and birdhouses (most in the context of much larger works of art). There is no discernible appearance of Santa Claus on any of the accused products, and the depictions of flowers, birds, and birdhouses on the accused products are all different from plaintiff's in terms of the style and setting. The use of flowers and birds, etc. as decorative motifs is not protectable by itself, and no reasonable trier of fact could conclude that the accused products are substantially similar to plaintiff's designs. |

2

| CR Ref. #' | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 7 | VA 1-739-078 | Multiple designs: *Paper Goods Pattern of Roses* (Non-"Elements"); combined with a Votive Candle Holder with Bird; Minimalist Christmas Tree; Wreath Ornament with Bird and Sleigh Bell; Pedestal Taper Candle Holder; Chickadee on Christmas Wreath (all copyrighted separately); Drawings of Birds and Spirals (no copyright indicated) | Pedestal with Stylized Simple Tree with Flowers, Leaves, Nest, Chickadee, Cardinal and Other Bird (Non-"Elements") | No. The birds on the accused tree are posed differently from any of plaintiff's bird designs, the proportion and scale of the flowers and leaves is different from that of plaintiff's flowers and leaves, the spirals are more elaborate than plaintiff's spirals, the tree's branches are comprised of curved wires of a single width instead of the straight, spiky, tapered branches of plaintiff's tree design, and the tree pedestal has a different shape, number of tiers, color scheme and decorative pattern than plaintiff's candlestick design. Furthermore, the accused tree is rendered with a simplistic, "country-style" character with floral accents that suggest spring or summer, while plaintiff's subject designs are rendered in a more detailed, realistic and/or Victorian style, and several are shown in "Christmas" colors of red and green, or alongside other Christmas accoutrements such as an a holly wreath. In sum, the elements that the accused Pavilion tree has in common with plaintiff's designs do not represent a combination of protectable expressions of basic ideas, and to the extent that any protectable ideas are represented, I find that no reasonable trier of fact could find that the accused tree with birds of different species, flowers and an egg-filled nest is "substantially similar" to plaintiff's various designs for candle holders, Christmas decorations, and floral artwork. |
| 9 | VA 1-739-104 | Multiple designs: *Patiha Tins* (Non-"Elements"), combined with lace scroll texture designs and sketches of angel figurines (some copyrighted separately) | Angel Figurines with textured skirts (some "Elements" and some Non-"Elements") | No. Plaintiff's designs are for tin containers in various shapes, imprinted with a particular textured scrollwork lattice design, as well as separately-copyrighted angel figurines with large wings and full-skirted gowns featuring similar scrollwork designs, with swathes of the gowns left un-textured for the display of messages, or textured and colored differently, in the style of a multi-layered apron. The accused designs are figurines of angels in slender, bell-shaped skirts, with hands clasped in prayer or holding a basket of flowers, with solid bejeweled or flower-bedecked wings, and symmetrical damask, or asymmetrical floral, designs on their skirts. There are sufficient differences between the angels' faces, hair color and style, pose, use of flowers and basket, wing size and composition, dress style, and the textures used, that no reasonable trier of fact would find the accused figurines substantially similar to the protectable elements of plaintiff's designs.<br><br>*Also, defendants have submitted uncontroverted evidence that the accused damask/scroll texture patterns on the accused angel figures were designed by a third party design firm, which was compensated for its work. Visual comparison of the damask, lace and floral patterns submitted by that firm reveals them to be nearly identical. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 3). |

3

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 10 | VA 1-739-309 | Multiple designs: *Faith, Hope, Love & Peace Plaque* and *Birch Wood Cross* ("Elements"); *Rose & Vine Cake Stand* (Non-"Elements") | Poinsettia Plate; Striped Cake Stand; Standing Crosses (Non-"Elements") | **No.** Plaintiff's designs include: (1) a cross-shaped plaque with the words "Faith, Hope, Love, Peace" arranged around a square, Celtic-style design; (2) a pedestal cake stand decorated with Victorian-style roses and vines; and (3) the figure of a birch wood cross on a square pedestal, in a simple Latin style (made up of rectangular, straight-sided pieces, intersecting just above the center of the standing piece), with ends capped in metal. The accused designs are: (1) a Poinsettia plate with the words "Faith, Hope, Love Peace" arranged around a poinsettia in the center; (2) a pedestal cake stand decorated with stripes, a scroll design, and a message, and (3) various standing crosses, all of which are curved or otherwise have a non-conventional shape, with no metal end caps, and a message or graphic at the base or in the center.

The plaintiff's designs contain few protectable elements, and to the extent that some elements are unusual (e.g., metal end caps on a cross made of birch wood, plaintiff's Victorian rose design), those elements do not appear on the accused products. Plaintiff's use of the words "Faith-Love-Peace-Hope" together is, likewise, not a protectable use, as these words (sometimes along with the word "Joy") derive from well-known Biblical references and are commonly used together on inspirational and/or holiday-themed products. Pedestal cake stands are, likewise, a basic idea. As such, no reasonable trier of fact could find that the accused products are substantially similar to plaintiff's copyrighted designs.

"Also, defendants have submitted uncontroverted evidence that the accused plate and cake stand designs (part of the "Crimson Manor" tableware collection) were designed by a third party, who was compensated for his work. Visual comparison of his scroll design, rope border, color scheme and poinsettia design reveals them to be nearly identical. (09-CV-6357 Dkt. #72-14 at Exh. B). |
| 11 | 1-739-149 | *Folksy Chipwood 3-Dimensional Cross* (Non-"Elements") combined with "Mission" palette (copyrighted separately) | "Peace on Earth" Cross (Non-"Elements") | **No.** The plaintiff's design is for a plain, Latin-style wooden cross ornament with straight sides, unadorned except for a square tile at each end. The tiles are decorated with symmetrical, Rosenaling-style folk art/flower decorations. Plaintiff also relies on a separately-copyrighted, nine-color "Mission" color palette of earth tones. The accused product is a cross ornament with rounded, petal-shaped "arms," with the words "Peace on Earth" in the center, and asymmetrical folk art flower decorations at each end, rendered in a less detailed style than plaintiff's. Cruciform shapes, earth-tone colors associated with the American "mission" decorating style, and folk art-style flowers are basic ideas, not protectable by themselves, and in any event, given the obvious differences in materials, style, shape, placement of decorations, message and overall "feel" between the plaintiff's designs and the accused product, no reasonable trier of fact would find them to be substantially similar. |

| CR Ref. # | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 12 | VA 1-739-099 | Multiple designs: *Greeting card Santa with Tree and Sack of Gifts* (Non-"Elements"); combined with cartoonish drawing of Santa face (copyrighted separately) | Two figurines depicting traditional Santa Claus with Christmas tree and/or sacks of gifts (Non-"Elements") | **No.** The plaintiff's design shows a traditional, Victorian-style Santa Claus in front of an angel-topped, candle-lit Christmas tree, opening a sack of toys. Another design features a line drawing of a cartoonish Santa Claus with dots for eyes and a large sleigh bell hanging from his hat. The accused figurines show traditionally-dressed Santa Clauses (with realistic eyes and no bells on their hats), opening sacks of toys. One stands in front of a star-topped Christmas tree without candles, next to a scarf-wearing penguin. Plaintiff's design is comprised of basic ideas commonly associated with Santa Claus (e.g., red suit with white trim, white beard, Christmas tree, sack of toys), and the accused products contain different elements (or omit elements) from her drawings. No reasonable trier of fact could find that the protectable parts of plaintiff's artwork are substantially similar to the accused figurines. |
| 13 | VA 1-739-145 | Multiple designs: *Heart String Ornament* (Non-"Elements"); combined with a twisted rope-style string design (no copyright indicated) | Poinsettia plate and heart-shaped ornament (Non-"Elements") | **No.** Plaintiff's designs include several heart-shaped ornaments or necklace charms, one of which is suspended from a cord or string that looks like twisted rope. The accused products include ceramic Christmas plates with a poinsettia motif and/or stripe-and-scroll pattern that uses a rope-style border around the center section, and a freestanding, heart-shaped table decoration with a suspended heart inside of it. Plaintiff's design for a rope border has no protectable features, and in addition to performing an entirely different function from plaintiff's suspended ornament/charm design, the heart-shaped table decoration is a smooth, swooping modern style, in contrast with plaintiff's rustic, folk-style heart ornament designs, which have an entirely different look and feel. No reasonable finder of fact could find that they are substantially similar.<br><br>*Also, defendants have submitted uncontroverted evidence that the accused poinsettia plate (part of the "Crimson Manor" tableware collection) was designed by a third party, who was compensated for his work. Visual comparison of his scroll design, rope border, color scheme and poinsettia design reveals them to be nearly identical. (09-CV-6357 Dkt. #72-14 at Exh. B).* |

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 14 | VA 1-739-349 | Multiple designs: *Angel Figure Holding Basin*; *Angel with Leaf-style Wings* (Non-"Elements") | Figurine of Angel with Basin; Cherub figures (Non-"Elements") | **No.** Plaintiff's first design is for a regal figurine of a juvenile angel with tall, solid, feathered wings, long flowing hair, and Grecian-style robes, raising up a basin to shoulder level and facing straight ahead, standing on a pedestal with the words, "Let Heaven and Nature Sing." In contrast, the accused product is the figure of an adult female angel with her hair styled in a bun, curved wire wings and a simple, peasant-style gown, holding a basin at waist level and gazing down into it, with no visible pedestal or message.<br><br>Plaintiff's second design is a line drawing of a childlike angel with leaf-style wings in a long dress, standing in front of a Christmas wreath. The accused products are a line of childlike cherub figures, none of which have leaf-style wings, wear a long dress, or are depicted in front of a wreath.<br><br>Given the obvious differences in content, materials and style between the subject designs and accused products, no reasonable trier of fact could find substantial similarity. |
| 15 | VA 1-739-092 | Multiple designs: *Drawings of filigree-style cross Christmas ornaments* (Non-"Elements"); combined with drawings of "pierced" crosses (copyrighted separately) | Pierced Porcelain Christmas ornaments (Non-"Elements") | **No.** The plaintiff's copyrighted designs are for a filigree-style, lacy cross ornament with fleur-de-lis style tips, pierced metal crosses with jewel-like accents (crux gemmata), as well as drawings of a traditional round Christmas ornament and a pierced ornament shaped like a decorated Christmas tree. The accused products are white porcelain pierced crosses, less ornate than plaintiff's design and lacking jeweled accents, with recessed squares in the center reading, "Love," "Hope," and "Peace," or with an overlapping ring design. Other accused designs include a pierced or debossed Christmas ornament in the shape of a traditional round bulb, and a Christmas tree-shaped ornament, studded with decorations, with piercing only on the trunk.<br><br>The idea of pierced/filigree ornaments and the use of crosses, Christmas trees and round ornaments as Christmas decorations, are basic ideas that are not protectable by themselves. Moreover, the differences between the design(s) and accused products, in terms of their overall style, color and materials, as well as the location and extent of use of the piercing technique, and the inclusion or omission of significant design elements (e.g., jeweled accents on the crosses, location of piercings on the Christmas tree) are significant enough that no reasonable finder of fact could find substantial similarity.<br><br>*Also, defendants have submitted uncontroverted evidence that the accused pierced crosses were designed and produced by a third party. Visual comparison of the pierced crosses produced by the third party reveals them to be identical in every respect to the accused products, except for the color of ribbon from which they are suspended. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 7). |

| CR Ref. # | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 16 | VA 1-739-088 | Artwork of Women Having Tea, In the Garden, Picket Fences, Flowers, etc. (Non-"Elements") | Baby Photo Frames (Non-"Elements") | **No.** The plaintiff's designs include a primitive, childlike drawing of a rose, signified by a spiral encircled by scalloped lines (suggesting rose petals), surrounded by leaves, dots and other spirals. The accused products are picture frames for baby photos, decorated with childlike artwork, including simple roses, stars and leaves. The roses are made up of squiggles (not spirals) and scallops, and are not surrounded by a cluster of leaves and dots like plaintiff's design. To paraphrase Gertrude Stein, in this case, "Rose is a rose is a rose." Beyond the fact that the accused products and plaintiff's designs both appear to draw their inspiration from the same flower and represent it in minimalist fashion, no reasonable trier of fact would find substantial similarity between them. |
| 17 | VA 1-739-080 | Multiple designs: *Paper Goods Designs with Chickadees* (Non-"Elements"); combined with a swirly lace pattern (copyrighted separately) | Pedestal with Stylized Simple Tree with Flowers, Leaves, Nest, Chickadee, Sparrow and Cardinal (Non-"Elements," and Collection of Gift Items with Embossed Vine Pattern ("Elements") | **No.** The plaintiff's chickadee paper goods design (showing a chickadee perched on a holly-and-poinsettia Christmas wreath, facing forward) is readily distinguishable from the accused product, a chickadee figurine that is posed with its head facing sideways, on the branch of a generic (non-Christmas) tree.<br><br>The plaintiff's paper goods swirly, lace border design is made up of Victorian-style swirls which connect to form a delicate pattern. The accused products show a number of figures, picture frames, boxes, candle holders and similar objects, embossed with a strikingly more modern pattern of vine-like swirls and tendrils.<br><br>In either case, common elements consist solely of basic ideas, and moreover, no reasonable trier of fact could find the plaintiff's designs and the accused products substantially similar. |
| 19 | VA 1-739-366 | *Paisley Patterns; Bumblebee Graphic; Stripe Pattern; Square Pattern; Square Graphic with Lace Borders* (Non-"Elements") | Various figures of angels, snow men and home décor with paisley accents, stripes or swirls (some "Elements" and some Non-"Elements") | **No.** Plaintiff's designs include: (1) a detailed paisley pattern showing overlapping both (teardrop shapes) and incorporating floral elements; (2) a more generalized paisley pattern; (3) a bumblebee graphic with a spiral swirl as part of a surrounding border; and (4) a pattern of red, green, beige and black colored stripes; (5) a square Victorian-style graphic with lace borders. The accused products comprise various figurines and pieces of home décor and tableware that are decorated with lace, paisley, swirls, spirals, or some combination of red, green, beige (or cream) and black stripes. Initially, any use of lace, stripes (particularly in "Christmas colors" of red/green/neutrals), swirls, and paisley as design elements is not protectable by itself, and none of the accused products uses anything like the larger graphics from which plaintiff contends these elements were lifted. To the extent that plaintiff's designs contain distinctive and protectable features (e.g., the overlapping paisleys with floral elements, the order and thickness of the stripes in her stripe pattern), none of the patterns on the accused products incorporate those features. A reasonable trier of fact could not find substantial similarity between plaintiff's designs and the accused products. |

| CR Ref. #¹ | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 20 | VA 1-739-168 | *Pierced Mother and Baby Heart-Shaped Plaques* (non-"Elements") | Solid heart-shaped plaques with messages (Non-"Elements") | **No.** Plaintiff's design is for heart-shaped Victorian-style plaques, each featuring a ribbon tied in a bow and a delicate floral decoration at the top, and a pierced-edge border, with a message about mothers and babies printed in the center. The accused products are solid, heart-shaped plaques with various inspirational messages about home, friendship and/or family, arranged asymmetrically, with decorations of rustic flowers and leaves, and/or follsy imitation patchwork designs. Although both sets of plaques are heart-shaped and have words printed on them, they are otherwise completely different in style, proportion, subject matter, theme, and overall design. No reasonable trier of fact would find that the accused products are substantially similar to plaintiff's design. |
| 21 | VA 1-739-300 | *Elaborate Angel Figure* (Non-"Elements") | "Peace of Christ" Angel Figure (Non-"Elements") | **No.** Plaintiff's design shows a detailed, Classical-style angel figurine with long, feathered wings, looking downward with both hands extended, with a dove perched on each wrist, wearing an ornately-textured apron and a full, billowing skirt and standing on a multi-layered pedestal that reads, "PEACE TO ALL WHO ENTER." The accused figurine is a more crudely rendered angel looking straight ahead, with arms extended and a dove on each hand, with small pierced wings and a straight A-line skirt, with an asymmetrical, contemporary floral pattern, on which the message, "Let the Peace of Christ be in your Hearts" along with the Biblical chapter and verse reference, is printed. The accused angel has no pedestal. Plaintiff's design is comprised mainly of basic ideas (e.g., an angel with wings, wearing a gown, with doves) and to the extent it contains protectable elements, the differences in the angels' coloring, pose, wings, dress (particularly the accused product's omission of anything like the ornately-textured apron that is the prominent focus of plaintiff's drawing), composition, level of detail, style (Classical vs. more contemporary) and overall "feel," no reasonable trier of fact could find substantial similarity between them. |

8

| CR Ref. #1 | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 22 | VA 1-739-153 | Multiple designs: *Poinsettia Garland* and *Poinsettia with Cardinal* drawings (Non-"Elements"); combined with Poinsettia drawing with rope border and 12-sided plate design (both copyrighted separately), a graphic with the words "Love/Hope/Faith /Peace (copyrighted separately), and a scroll border (copyrighted separately) | Multi-sided decorative poinsettia plate with borders imitating rope and scrollwork; and cardinal décor items (Non-"Elements") | **No.** Plaintiff's designs feature poinsettias, holly berries and cardinals, all of which are basic ideas and common holiday motifs, often seen in combination. The accused products do not duplicate the form, style, context or composition of plaintiff's drawings, and/or replicate the design or style of her Love, Hope, Faith and Peace graphic. No reasonable trier of fact could find that the accused products bear substantial similarity to plaintiff's design(s). <br><br>*Also, defendants have submitted uncontroverted evidence that the accused poinsettia plate (part of the "Crimson Manor" tableware collection) was designed by a third party, who was compensated for his work. Visual comparison of his scroll design, rope border, color scheme and poinsettia design reveals them to be nearly identical. (09-CV-6357 Dkt. #72-14 at Exh. B). |
| 23 | VA 1-739-095 | Multiple designs: *Embossed Vine and Scroll Pattern* and *Gift Box With "LOVE" design*, *Angel Figurine with Printed Message* (Non-"Elements") | Angel with message; Floral platter; Photo frames w/messages; Cherub figures w/ messages; Various items with scroll patterns, Photo Frames and Figurines using the word "Love" (Non-"Elements") | **No.** Plaintiff's designs include a scroll pattern, a gift box with the word "LOVE," an solid-winged angel figurine holding a flower and with a message printed on her gown, a patriotic-themed angel with a message on her skirt, and a vine-like decorative scroll pattern of spiral shapes (arabesques) decorated with leaves. The accused products include a wire-winged angel figurine holding a flower, cherub figurines and other décor with messages about love, and plaques and artwork with artwork resembling curling vines. The ideas of depicting angels with floral accents, decorating items with embossed vine or scroll patterns, or placing sentimental or inspirational messages on figurines or décor, including the word "love," are basic ones. The accused angel figurine visibly and significantly differs from plaintiff's design in terms of wing style, dress, shape and materials (wire as opposed to solid), pose, hairstyle, dress, expression and overall "feel." The accused products do not duplicate plaintiff's particular scroll design or use the same language as her suggested messages. No reasonable trier of fact could conclude that there is substantial similarity between plaintiff's designs and the accused products and product lines. |

| CR Ref. # | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 24 | VA 1-739-292 | 12-Sided Plate Design (Non-"Elements") | Poinsettia Plate (Non-"Elements") | No. Plaintiff's designs are for a tabletop collection with floral/checker motifs, mildly evocative of the MacKenzie-Childs-style. It includes an irregular 8-sided plate with four scalloped edges and a round center, and an equilateral 12-sided (dodecagon-shaped) plate with a square center. The accused product is a poinsettia plate with 12 irregular sides, 8 of which have scalloped edges, and a 12-sided center the same shape as the plate's edges. The accused plate does not copy the shape of any of plaintiff's plate designs, and no reasonable trier of fact could find substantial similarity between them. |
| 25 | VA 1-739-342 | Multiple designs; *Angel Windchime Designs; Clotheshanger Plaques; "Friend" Picture Frame; Pinecone/Pine Needle Drawings* (copyrighted separately) (Non-"Elements") | Cherub figures; Cardinal décor; "Aunt" Picture Frame; Heart-Shaped decorations and plaques; Floral mugs (Non-"Elements") | No. Plaintiff's designs include wind chime designs in the shape of angels (one holding a flower), plaques suspended from wire hangers in the shape of clothes hangers, drawings of pinecones and cardinals, a picture frame with a message and the word "Friend" outlined with a rectangle, and various plaques with heart shapes. The accused designs include cherubs decorated with a flower (not a duplicate of plaintiff's), coffee mugs with a floral design (not a duplicate of any of plaintiff's floral designs), various plaques that are heart-shaped (but not suspended from, or otherwise incorporating, a wire clothes hanger), a picture frame with the word "Aunt" enclosed in a rectangle, and items using cardinals (but not pine cones) as a decorative motif. The elements plaintiff claims were infringed (a flower, a word with a rectangle around it, heart shapes, cardinals) are basic ideas, and the accused products do not precisely duplicate (or even superficially resemble) plaintiff's selection, composition or arrangement of elements, and are otherwise entirely different from plaintiff's designs in terms of style, form, function, color scheme, size and proportion. No reasonable trier of fact would find the accused products substantially similar to plaintiff's designs.

*Also, defendants have submitted uncontroverted evidence that the patterns and designs on the accused mug collection were taken from a book of decorative graphic prints, purchased from a third party. Visual comparison of those patterns reveals them to be nearly identical, except for minor changes in scale and color scheme. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 5). |

| CR Ref. #' | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 27 | VA 1-739-102 | Multiple designs: *Pierced Angel* (Non-"Elements"), combined with Angel figures, scroll pattern, pierced angel wing designs, pierced cross ornament designs (some copyrighted separately; others no copyright indicated) | Traditional angel figurines: Collection of gift items with scroll/vine patterns (combination of "Elements" and Non-"Elements") | **No.** Plaintiff's designs feature angels in graceful, full-skirted gowns printed or embossed with tiny patterns of vines/scrollwork, with elaborate pierced wings. The accused figurines are slender angels of exaggerated height, wearing clinging gowns with mermaid skirts, accented with textured boteh (paisley, teardrops) near the hem. None of the accused angel figurines has pierced wings, or otherwise bears any similarity to plaintiff's designs in terms of their dress, facial expression pose, silhouette or overall style. With respect to the accused line of gift items with scroll/vine patterns or piercing details, the mere use of scroll designs and/or piercing techniques is not protectable by itself, and the style, scale and location of the use of those techniques and patterns on the accused products is visibly dissimilar to plaintiff's design. No reasonable trier of fact would find the accused products to be substantially similar to plaintiff's designs. |
| 28 | VA 1-739-302 | *Color Palette for Mission-Style Angels* (Non-"Elements"); Copper "Wood"-Style Gown Border from *Rough Pinewood & Elements Angel Drawing* ("Elements") | Cardinal Art Frame and Figure; Cross (both Non-"Elements") | **No.** The plaintiff's designs include an earth-tone color palette for use in a series of Mission-style inspired angel designs, and an angel gown border which is made up of two horizontal lines, connected by a series of vertical and diagonal hash marks. The accused designs are a cross decorated in earth tones, a round cardinal decoration with crisscrossing lines painted on its base, a frame for a piece of art (depicting a cardinal perched on a branch) that consists of two rectangles (one inside the other), connected with a series of vertical and diagonal lines, resembling tree branches.

The portions of the designs plaintiff is using as the basis for her contention (a color palette and the use of straight and diagonal lines to connect two lines of a border) are very minor parts of her subject designs for angel figurines, and the portions of the accused designs that feature them are only marginally similar to plaintiff's. The accused cross ornament, cardinal decoration and cardinal art frame are entirely different in form, function, shape. design, composition, etc. from plaintiff's angel designs. Moreover, the mere use of earth-tone colors is a non-protectable, basic idea. No reasonable trier of fact could find the accused products substantially similar to plaintiff's designs. |
| 29 | VA 1-739-143 | Multiple designs: *Iron and Stone Angel* (Non-"Elements"); combined with drawings of other angel figurines (copyrighted separately) | Angel figure with metal wings (Non-"Elements") | **No.** Plaintiff's designs include a faceless, armless, multicolor outdoor angel figure with a scrollwork design on her gown, a halo, and sculpted metal wings. The accused products are monotone angel figures with realistic facial features and hair, arms, wire wings, and no halos. Although the wings in each case are made of metal, the differences in the angels' faces, bodies, coloring, wing sizes and shapes, and the overall style of the pieces (the accused products show realistically-proportioned female figures in peasant-style garb, in contrast with plaintiff's fanciful, abstract design) is so different that no reasonable trier of fact could find them to be substantially similar. |

| CR Ref. #¹ | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 30 | VA 1-739-286 | Multiple designs: *Framed Round Glass Tile on Pedestal; Plaques and Picture Frames with Stripes of Varied Textures* (Non-"Elements") | Round Plaque on Stand (Non-"Elements") | **No.** The plaintiff's designs depict: (1) a round glass plaque on a narrow pedestal, with a suggested message of, "Angel's [illegible] in a Garden"; and (2) Picture frames with diagonal, wave-like "stripes" of different textures or patterns. The first accused product is a solid plaque on a wider stand with a stone-looking finish, with floral decorations and the message, "We create our tomorrows by what we dream today." The second set of accused products is a set of round plaques mounted on curved wire bases, inscribed with messages about "Friends" and "Family." The ideas of round plaques, plaques inscribed with messages, and the placement of plaques on pedestals, are basic ideas, and to the extent that plaintiff's design contains a unique combination of those ideas, the accused products contain a number of obvious differences, including the proportion of the pedestal/stand, style of artwork, choice of materials, content of inscribed message, and use (or lack) of leaves and vines as a decorative motif. No reasonable trier of fact would find that any of the accused products is substantially similar to plaintiff's design. The same goes for the artwork. The idea of diagonal stripes is a basic idea, and the accused products do not copy the lines, color scheme or textures/patterns of any of plaintiff's individual designs. No reasonable trier of fact would find substantial similarity between them. |
| 31 | VA 1-739-282 | Multiple designs: *Figure of perching bird with candleholder; Rustic Christmas tree on stand; Ornament with bird perched on round wreath* (Non-"Elements") | Pedestal with Stylized Simple Tree with Flowers, Leaves, Nest, Chickadee, Sparrow and Cardinal; Cardinal decor; Ornament with bird (Non-"Elements") | **No.** The plaintiff's design(s) depict a perching bird on a branch with a nest-shaped votive candle holder attached, a pointy, angular, "Charlie Brown"-esque Christmas tree on a simple, flat base, with bulb and star ornaments, and a Christmas ornament representing a bird perched on wreath adorned with holly leaves, with a sleigh bell suspended in the center. The accused tree product (described in detail, *supra*) has a multi-tier base with floral decorations, holding a "tree" made up of curved wire branches, adorned with flowers, leaves, three birds of different species, and a realistic-looking bird nest with eggs. The style, function and composition of the accused product is nothing like plaintiff's tree design. The accused ornament shows a cardinal, perched inside (and not on top of) a tree branch or stick which forms a teardrop (not round) shape, decorated with spring flowers and leaves (not holly), and no sleigh bell. The combination of cardinals, branches, nests and trees is a basic idea, and given the glaring differences between the accused products and plaintiff's designs, no reasonable trier of fact could conclude that any of the accused products are substantially similar to plaintiff's drawings. even in combination. |

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 33 | VA 1-739-136 | Multiple designs: *Love Bears All* teddy bear illustrations (Non-"Elements"); combined with Scandinavian folk art-style tulip drawing (no copyright indicated) | Assorted Cherub figurines (Non-"Elements") | **No.** Plaintiff's designs include depictions of tulips, and the accused products include a figure of a cherub or child watering 3-dimensional tulips, and picture frames with decorative floral accents. The tulips are an extremely minor portion of plaintiff's design (they appear as decorations on a dresser drawer against which the subject of her art, a teddy bear, is leaning). The tulips on the accused products are not identical to plaintiff's designs, which are themselves derivative of Scandinavian-style folk art (Rosemaling) tulips. No reasonable trier of fact would find that the defendant's use of folk art-style tulip shapes on figurines and picture frames is substantially similar to plaintiff's drawings of teddy bears. |
| 34 | 1-739-152 (See also VA 1-731-127) | *Cherub with Lamb* and other drawings (Non-"Elements") | Cherub with Lamb Figure; Other Cherub figures (Non-"Elements") | **No.** The plaintiff's CRs are for: (1) a figure of a seated, robed cherub, holding a cartoonish-style lamb in its lap, with the words "Wrapping love around ewe" or "Wrapping ewe with love"; and (2) several drawings of angels or children sleeping on a crescent moon, or engaged in other activities (e.g., watering flowers), with leaf-style wings and childlike faces.

The only marginally similar accused product is the figure of a seated, loincloth-wearing cherub, with dainty paisley wings, holding a realistically-rendered lamb against its chest, and seated on a cloud-shaped base inscribed with the words "May God bless you and keep you." (The other accused cherub figures don't appear to contain any recognizable elements from plaintiff's drawings, aside from the fact that they happen to depict cherubs). Winged cherubs are a basic idea, as is the association between cherubs and lambs (a motif commonly seen in "Precious Moments" and other figurine lines), and the accused figurines and their dress, poses, wing styles, lamb rendering, base and message are sufficiently distinct from plaintiff's design to rule out substantial similarity.

*Also, defendants have submitted uncontroverted evidence that the accused Cherub with Lamb figure was designed by a third party, who was compensated for her work. Visual comparison of her figurine design shows it to be identical in every respect (including paisley-style wings) to the accused product, with the exception of the "May God bless you and keep you" message, which does not appear on her design. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 6). |

13

| CR Ref. #¹ | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 35 | VA 1-739-091 | Multiple designs: *Winter Border (Swirled vines and holly berries)* (Non-"Elements"); combined with a Heart-shaped plaque and picture frames (copyrighted separately) | Plaques, Candle Holders and Picture Frames with Printed Patterns (Non-"Elements") | **No.** There are visible differences between the leaf border the plaintiff designed (which includes holly leaves and berries, and has no tendrils extending from it) and the accused design (which has no berries or leaves, includes spiral tendrils extending from it, and is not repeated as a border). Plaintiff alleges that the border was combined with other copyrighted designs, for a heart-shaped plaque and for picture frames, that are all partially printed or embossed with a floral design. However, the accused products use a different style of printing/embossing pattern, are proportioned differently, and contain inspirational messages and borders not present in plaintiff's design(s). No reasonable trier of fact could find substantial similarity between the copyrighted designs (even in combination) and the accused products. |
| 37 | VA 1-739-293 | *Drawings of Candlesticks; Tiered Candleholder; Heart with two Textures; Round bulb ornament; Décor Line with Scrollwork; Vine-style Candleholder; Drawing of Flower:* (Some "Elements" and some Non-"Elements") | Pedestal with Stylized Simple Tree with Flowers, Leaves, Nest, Chickadee, Sparrow and Cardinal (accused repeatedly elsewhere; Scrollwork décor line including candle holder; Heart-shaped candleholder base; Pierced ornaments; Décor line featuring cardinals; Swirly wrought iron base with round plaque; Pedestal base with round plaque: (Some "Elements" and some Non-"Elements") | **No.** The only portion of this contention not previously addressed, *supra*, is plaintiff's contention that the defendant's pedestal is similar with the simple tree and birds, and an accused scrollwork candle holder, both duplicate plaintiff's designs for candleholders. The accused tree pedestal has five tiers of irregularly-varying width (each of which flares like a bell toward the bottom), decorated with flowers and horizontal stripes, which holds up a decorative tree. In contrast, plaintiff's designs are intended to hold candles, and show pedestals with tiers of varying shapes (some bulbous, some straight, others bell-like) and in most cases, varying painted designs, none of which have the same silhouette as the accused tree base, and none of which include a folksy floral motif like the accused design. No reasonable trier of fact could find the accused decorative tree to be substantially similar to plaintiff's candleholder design.

The plaintiff's "scrollwork" candle design shows a birch wood candleholder with a bulbous center and shallow cup-shaped top and bottom, with the center being decorated in a metallic vine pattern and the top and bottom left comparatively unembellished. According to the plaintiff's design, a pillar or votive candle is intended to be placed on top of the holder. The accused design shows a candleholder with a bulbous center, cup-shaped bottom, straight round top, and decorative lid, with a candle completely enclosed inside the holder (level with the top). The top and bottom of the accused product are decorated with a scroll pattern, while the center is a solid color, with the words, "Remembering you...[Illegible]" printed across it. The differences in form and design, including a visibly different pattern (scrollwork instead of vines), different placement of the pattern, a different shape for the top of the candleholder, a different placement of the candle itself (inside the holder, rather than atop it) and the addition of a message and a lid for the candleholder, work together to render the accused product sufficiently distinct that no reasonable finder of fact could conclude that it is substantially similar to plaintiff's design. |

| CR Ref. # | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 38 | VA 1-739-101 | Rocking Horse To Bank On drawings (Non-"Elements"); combined with drawings of sheep, angels with leaf-style wings, and flowers (copyrighted separately) | Assorted Figurines of Cherubs, including one on a rocking horse (Non-"Elements") | No. Other than the fact that the accused products include a figurine of a cherub riding on a rocking horse, there is no similarity between them and plaintiff's designs (for separate cherub figurines and rocking horse coin banks). Plaintiff's designs show *riderless* rocking horse coin banks with detailed decorations on the saddles, bridles, and the rockers themsel es, whereas the accused cherub-on-rocking-horse figurine contains no such adornment, but instead features a written message on the rockers. The leaf-style wing design of plaintiff's separately-copyrighted cherub drawings does not appear on the accused cherub figurines, the accused cherub figurines are dressed differently (in "onesies" or tutus, unlike plaintiff's designs, which wear dresses or gowns) and to the extent that they share some common elements (e.g., childlike faces and bodies, wings), those features are common to the basic idea of a cherub. No reasonable finder of fact could find substantial similarity between them. |
| 40 | VA 1-739-094 | Snowman with Bunnies Drawing ("Elements") | Figures of Snowmen Holding Bunnies (one "Elements" and one non-"Elements") | No. The plaintiff's design depicts a traditional "3-ball" snowman wearing a floppy hat (no scarf), cradling a rabbit and carrying a bucket of carrots, with rabbits sitting at its base. The accused non-"Elements" snowman figure, who is wearing a knit hat and is holding a variety of animals in both "arms" that appears to include a rabbit, and is decorated with a paisley-design and a round charm with a message (all of which are absent from plaintiff's design), is sufficiently different from plaintiff's design in appearance, "dress," style and content (e.g., what the snowman is holding) that no reasonable trier of fact could find it to be substantially similar. |
| 41 | VA 1-739-158 | Letter Magnets and the word "Friends" (Non-"Elements") | Artwork using the word "Friends" and freestanding letters (Non-"Elements") | No. Plaintiff's designs for magnets include stylized letters and words in several fonts, including a cursive version of the word "Friends." The accused products are a piece of wall art showing the word "FRIENDS" in capital letters, as well as decorative freestanding letters of the alphabet, which employ a flowery texture on one half of each letter and a smooth texture on the other. Although one of plaintiff's font designs shows letters partially covered by a floral design, the accused products employ different colors and textures than plaintiff's design, and do not copy the style of any of her fonts. Plaintiff's mere use of the word "Friends" is not protectable, and again, the font used for the accused product is not visibly similar to any of the fonts plaintiff designed. A reasonable trier of fact would not find any substantial similarity between the protectable parts of plaintiff's copyright and the accused products. |

15

| CR Ref. # | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 43 | VA 1-739-359 | Costume Gown with Flower and Scroll Design Around the Hem (Non-"Elements") | Artwork showing birds perched on branches (Non-"Elements") | **No.** Plaintiff's design, titled "Costumes," shows several long gowns, one of which has a wide hem with a border of scrolling vines, flowers, berries, and birds with wings raised. The accused products are square pieces of wall art showing birds perched on branches (one of the branches has a scroll-like shape), with their wings folded. The proportions (size of bird relative to vines/branches), form (dress hem as opposed to framed artwork) and style (detailed and Classical as opposed to simple and contemporary) are completely different, and the mere depiction of birds and branches together is not protectable. No reasonable trier of fact would find that the accused bird art is substantially similar to the hem of the gown plaintiff designed. |
| 44 | VA 1-739-156 | Cross with Verse in the Center (Non-"Elements") | Cross with heart-shaped charm and inspirational message (Non-"Elements") | **No.** Plaintiff's design shows a squared-off Latin-style cross, decorated in loose, wavy diagonal stripes of varying color and pattern, with a light-colored stripe in the center designated for placement of a verse. The accused product is a Celtic-style cross, with a circle at the intersection of the "arms" in which a heart-shaped charm is suspended, with tapered, petal-shaped ends decorated in diagonally-placed areas of lacy boteh (paisley teardrops) and vine-like swirls, and the words, "May God Bless and Keep thee" printed on the base. Differences in the cross shape, style, contours, verse placement, presence/absence of a central opening, use of a suspended charm, and use of lace/paisley rather than wavy stripes, render the accused product so distinct that no reasonable trier of fact could find that it is substantially similar to plaintiff's design. |
| 45 | VA 1-739-163 | Gift Box with Lid (Non-"Elements") | Gift Box with Lid (Non-"Elements") | **No.** Plaintiff's design is for a Square gift box with a lid that closes with a magnet, accented with a ribbon and a sprig of faux holly, and printed with a holly pattern, all in a pewter/metal finish. The accused product is a square lidded gift box with a flip-up lid and a gift tag, with the box printed in a red-on-red holly pattern and the lid printed in a gold damask pattern, with a green band around the bottom edge of the lid. The idea of a lidded square gift box, and/or the use of holly as a holiday packaging motif, is not protectable; and the differences in the two boxes' lid design, style, color scheme and adornment are significant enough that no reasonable trier of fact would find the accused product to be substantially similar to plaintiff's design.<br><br>*Also, defendants have submitted uncontroverted evidence that the accused gift box was designed by third parties, who were compensated for their work. Visual comparison of the box they designed reveals it to be completely identical to the accused product in every respect. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 4). |

| CR Ref. # | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 46 | VA 1-739-165 | *Snowman and Birdhouse Drawings* (Non-"Elements"); combined with paisley designs (no copyright indicated) | Snowman with Birdhouse Figure (Non-"Elements") | **No.** Plaintiff's drawings depict a snowman wearing a floppy hat with a snowflake dangling from the brim, and a scroll-patterned scarf, holding a bucket of fruits and vegetables in one straight branch "arm" and a birdhouse (with bird) on a branch in the other; with a squirrel perched at the base and a message painted on his front reading, "Family and Friends are Welcome in Our Home." The accused product is a figure of a snowman wearing a high silk hat and striped scarf, standing next to (or holding) a birdhouse on a branch, with three "buttons" down his chest, a textured base decorated with boteh (paisley teardrops), curved branches for arms, a second bird perched on its other "arm," and no message. Given the differences in the style of hat and scarf, the appearance of the bird and birdhouse, and the accused design's lack of a squirrel, or a message, or a bucket of produce, or straight stick arms for the snowman, or overlapping paisley teardrops like those in plaintiff's design, as well as its inclusion of additional elements like a held bird and coal "buttons," no reasonable trier of fact would find the accused figure to be substantially similar to plaintiff's designs for a snowman figure and a paisley pattern. To the extent that plaintiff points to the mere combination of a snowman with a birdhouse on a stick as a protectable element, the Court notes that birds and birdhouses are common accessories for snowman figures; an online search for images of "snowman with birdhouse" figurines reveals that thousands of similar "snowman with birdhouse-on-a-stick" figurines, pieces of graphic art and décor have been mass-produced by a multitude of retailers since at least the 1980s. |
| 47 | VA 1-739-289 | *Pictures of Snowmen and Snowwomen* (some "Elements" and some Non-"Elements"); Drawings of birds and branches (copyrighted separately) | Figurine of Snow Couple; Figurines of Snowman; (some "Elements" and some Non-"Elements"); Pedestal with Stylized Simple Tree with Flowers, Leaves, Nest, Chickadee, Sparrow and Cardinal (Non-"Elements") | **No.** Plaintiff's designs include: (1) a snowman and snowwoman wearing hats, kissing under a mistletoe; (2) figurines of snow couples standing together; (3) various snowman figurines, including one with a sled; and (4) a drawing of a rustic treetop with birds in it. The accused products differ from plaintiff's designs in a number of respects: (1) the accused snow people are dressed differently; wearing different hats/scarves; (2) the accused snow people have button or coal noses, whilst all of plaintiff's designs show carrot noses; (3) the accused snow people are posed differently from plaintiff's, and have curved, grapevine-like arms rather than straight stick arms of plaintiff's designs; (4) although one accused snowman has a sled, his hat and nose are a different style, he is decorated differently from plaintiff's design, posed differently, and has a bird perched on his "arm" that is not present in plaintiff's design; and (5) the accused tree product has a pedestal, nest, and third bird (all absent from plaintiff's drawing of a treetop), and curved, stylized branches that don't resemble plaintiff's more realistic straight branches. These and other obvious differences are significant enough that no reasonable trier of fact would find the accused products to be substantially similar to plaintiff's designs, even in combination. |

17

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 48 | VA-1-739-159 | Carved Morning Glory Kindness Angel (Unclear: Listed variously as "Elements" and Non-"Elements") | Angel Snow Globe ("Elements"), Wire-Winged Angel Figurines ("Non-Elements") | No. Plaintiff's design is for a faceless marble angel with sculpted, pierced wings, carrying a garland. The accused products are a snow globe featuring a ceramic angel with conventional facial features and solid-looking wings, carrying a garland, and realistic angel figurines with no garlands and curved wire wings. Angels carrying garlands is a basic idea, and in any event, given the differences in style, dress, composition and form between plaintiff's design and the accused products, no reasonable trier of fact could find substantial similarity. |
| 49 | VA-1-739-199 | Multiple designs: Angel with Banner, Woman with Banner, Angel with Christmas Ornament ("Elements"); combined with drawing of Christmas ornament and scroll border (copyrighted separately) | Figures of angels holding banner ("Elements"). Christmas ornament, Cherub with Lamb figure (Non-"Elements") | No. The plaintiff's designs show a hovering (footless) light-haired angel with a halo holding a banner that reads, "Gloria," a light-haired woman in a long gown standing on a pedestal and holding a banner that reads, "Gloria," an angel holding a finial-style Christmas ornament, and drawings of a finial-style ornament.<br><br>The first accused product is an angel figurine holding a banner. The dress, hair and wing style of the accused angel differs in almost every respect from the plaintiff's design: the accused angel has no halo, her hair is dark, her wings and gown are decorated with floral designs and metallic accents, and the message on her banner, although illegible, consists of at least three words, none of which is "Gloria." The second accused product is another angel figurine holding a banner (again, although the two-word message is illegible, it clearly does not contain the word "Gloria"): her dark hair, dress augmented with Rosemaling floral decorations, and three-dimensional wings (decorated with tiny crystals or gems) are readily distinct from plaintiff's design. Moreover, the use of the banner message "Gloria" (associated with the Biblical account of the angels' annunciation to the shepherds) suggests a Christmas theme, while the floral decorations on the gowns of the accused angels lend them a "summery" feel.<br><br>The accused finial-style ornament also differs from plaintiff's ornament design in terms of its shape, proportion, and the pattern with which it is decorated. Plaintiff's design features a crossed scrollwork pattern, while the accused ornament has a seasonal message, asymmetrically-placed holly leaves and berries, and a longer, more pointed tip than plaintiff's design. No reasonable trier of fact could find that the accused products are substantially similar to plaintiff's designs.<br><br>* Plaintiff also accuses the Cherub with Lamb figure, although the portion of her copyrighted design that is alleged to have been copied is unclear. Nonetheless, defendants have submitted uncontroverted evidence that the accused Cherub with Lamb figure was designed by a third party, who was compensated for her work. Visual comparison of her figurine design shows it to be identical in every respect (including lace wings) to the accused product, with the exception of the "May God bless you and keep you" message, which does not appear on her design. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 6). |

| CR Ref. #¹ | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 50 | VA 1-739-200 | Multiple designs: *Picture of bird on branch: Figures of birds on pedestals* (Non-"Elements") | Picture of bird on branch, Pedestal topped with ball on which cardinal is painted, Carved birds on pedestals (Non-"Elements") | **No.** Plaintiff's designs are for a number of different styles of realistic bird figurines, with upturned wings, displayed on ornate pedestals and/or a branch. Plaintiff also includes a design for graphic art, showing a stylized, simple bird with a heart-shaped body, perched on a branch. The accused designs are a primitively-carved and painted bird figurine with downturned wings perched on a stick extending from a wooden pedestal base, a ceramic pedestal topped with a ball on which a cardinal is painted, and two pictures of birds (one a cardinal and two unknown, but none with heart-shaped bodies) perched on branches. The shape, style, and pose of the bird is different in each case, and the more recognizable elements of plaintiff's designs (e.g., birds with upturned wings, bird with heart-shaped body) are not duplicated by the accused products. Other than the mere use of birds and branches (a basic idea), there is no similarity between plaintiff's designs and the accused products, and no reasonable trier of fact could find that they are substantially similar. |
| 51 | VA 1-739-151 | Multiple designs: *Folk Snowmen* artwork (Non-"Elements"); combined with multiple drawings of cardinals and other birds (no copyright indicated) | Cardinal-themed décor items, including figures of cardinals, wall art, ornaments, dishes and candle holders, all featuring cardinals (Non-"Elements") | **No.** Plaintiff's designs include drawings of snowmen which have images of cardinals and other birds as minor elements. The accused products depict cardinals as a central theme. Plaintiff's design and the accused products all depict cardinals in a recognizable, realistic manner that expresses the basic idea of a cardinal. The accused products do not show cardinals with snowmen, or otherwise resemble plaintiff's design in any way beyond the bare fact that they use red birds as a motif. No reasonable finder of fact could conclude that plaintiff's drawings of snowmen are substantially similar to home décor items that depict cardinals, or that the accused products are otherwise substantially similar to her designs. |

| CR Ref. #1 | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 52 | VA 1-749-061 | *Scroll Christmas Patterns including Scroll Border* (Non-"Elements") | Various décor and tableware items using scrollwork (Non-"Elements") | No. Plaintiff's design includes a border of repeating, connected scrollwork positioned between horizontal lines. The scrollwork is comprised of cream-colored curling shapes (with irregular edges, suggesting leaves or feather plumes), and flowers, outlined in black, and highlighted by contrasting background colors: dark green above the scrolls, and light green below, with horizontal stripes of black, cream and red in varying widths above and below the scrollwork border. The accused products include a decorative Christmas plate with an embossed scroll border, a line of coordinating Christmas tableware (bowl, plate and cake plate) with a scroll border, and a finial-style Christmas tree ornament with a scrollwork cross design. While all of the accused products feature scrollwork rendered in Christmas colors, they do not resemble plaintiff's scrollwork in any particular. The accused "scrollwork" designs are all comprised of lines of uniform width with no irregular edges (not suggesting the appearance of curled leaves or feathers, but instead simulating unadorned vines), not visibly repeating, not outlined, not placed between horizontal lines, not employing different colors above and below the scrolls, and unenhanced with flowers or other decorative details. The use of scrollwork as a decorative element is a basic idea, and the dramatic and clearly-identifiable differences between plaintiff's ornate, multi-colored scrollwork design and the simple vine pattern on the accused products are sufficiently numerous that no reasonable trier of fact could find that any of the accused products are substantially similar to the protectable portions of plaintiff's design. |
| 53 | VA 1-748-942 | Multiple designs: *Bumblebee pattern with swirls* (Non-"Elements"); combined with Heart-shaped ornament or charm, and plaque with hanging hearts (copyrighted separately) | Square standing plaque with heart-shaped opening and heart-shaped ornament suspended in the center (Non-"Elements") | No. Plaintiff's designs include: (1) a paper goods pattern, "busy bees," which shows bumblebees perched on a design of random swirls; (2) a heart-shaped ornament or charm consisting of an open heart, printed with a pattern; and (3) a plaque or piece of art with three heart-shaped cutouts in different sizes, with tiny hearts suspended from a string in the center of each cut-out. The accused product is a plaque with a single swooping, asymmetrical heart-shape cut out of the center, with a heart shape suspended from two hooks inside of it, decorated by a border that includes swirls, and a printed message. The use of swirls, hearts and cut-outs are all basic ideas, and the differences in the number of hearts, the shape (symmetry) of the hearts, the proportion of the suspended hearts within the cut-outs, the shape of the plaque, the inclusion of a message, the mechanism for attaching the heart(s), etc. are significant enough that no reasonable trier of fact would find the accused product substantially similar to the protectable portions of plaintiff's designs. |

| CR Ref. # | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 54 | VA 1-748-941 | Figures of Angels in Professional Garb Hanging From Coat Hangers (Non-"Elements") | Baby Picture Frames (Non-"Elements") | **No.** Plaintiff's design features angel dolls with bead-threaded wire wings, dressed in various forms of professional, student or hobby-related garb (e.g., gardening overalls and rake, graduation gown and cap, chef's hat and apron with mixing bowl, fishing garb and gear, teacher with books), all suspended from coat hanger shapes twisted from the same piece of wire as their wings. The accused products are photo frames for baby pictures, with messages like "Daddy and Me," decorated with child-like drawings of flowers, leaves and stars. The only discernible similarity is the inclusion of a simple flower design on the "gardener" doll, and the presence of simple flower designs on the photo frames. While the flowers on the frames are drawn in similarly simplistic style to plaintiff's design, they do not duplicate it exactly, nor is there any other element common to the accused baby photo frames and plaintiff's wire-winged hanging angel dolls. No reasonable trier of fact would conclude that the photo frames are substantially similar to the protectable parts of plaintiff's doll design. |
| 56 | VA 1-748-953 | Multiple designs: *Baby Angel Sleeping in Rose* (Non-"Elements"); combined with Cherub with Lamb figure (copyrighted separately) | Cherub with Lamb and Other Paisley-Winged Cherub Figurines (Non-"Elements") | **No.** Plaintiff's design is for the figurine of an ornate rose, attached to a piece of birch wood, on a decorated rectangular pedestal, with a cherub figurine curled up on its tummy with face turned sideways, sleeping, in the center of the rose. The accused product is a line of paisley-winged cherub figurines, one of which is curled up and sleeping on its tummy, with face turned sideways. The only visible similarity between plaintiff's design and the accused product is the similarity in the pose of the sleeping cherubs – resting on their bellies, with faces turned sideways. However, the accused product shows only the sleeping cherub (not a rose, or birch wood, or rectangular decorated pedestal), and the accused cherub's wings are an unusual, paisley teardrop shape not present on plaintiff's design. The idea of a cherub (even when sleeping on its tummy, give the ubiquity of the pose in similar art) is little more than a basic idea. In any event, the accused product bears no other visible similarity to plaintiff's design, and no reasonable trier of fact would find substantial similarity between plaintiff's design(s) and the accused products.<br><br>*Also, to the extent that plaintiff accuses the Cherub with Lamb figure, defendants have submitted uncontroverted evidence that this figure was designed by a third party, who was compensated for her work. Visual comparison of her figurine design shows it to be identical in every respect (including lace wings) to the accused product, with the exception of the "May God bless you and keep you" message, which does not appear on her design. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 6). |

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 57 | VA1-748-932 | *Angel Weathervane* (Non-"Elements") | Angel figures with scrolling wings and multi-layered textured skirts (Some "Elements" and some "Non-Elements") | **No.** Plaintiff's design is for a weathervane topped by a faceless, short-haired angel figure with scrolled openwork wings (resembling wrought iron), holding a bird, and wearing a wide, multi-layered , textured skirt with a printed message. (She includes other drawings of angels with multi-layered, textured skirts, as well. It is unclear whether there are copyrighted.) The accused products include several angel figurines, all with multi-layered textured skirts and some with solid wings decorated with scrolling shapes. However, the accused figures have long hair instead of short, none are holding birds (one holds a heart and one a flower) and none of the scroll designs painted on their solid wings is suggestive of plaintiff's openwork design. The figurines are entirely different from plaintiff's weathervane design, both in style and function. Layered textures/fabric on a gown and the use of scrolling shapes are basic ideas, and no reasonable trier of fact could find that the accused products are substantially similar to plaintiff's design. |
| 58 | VA1-748-939 | *Christmas Ornament* (Non-"Elements") | *Pierced Christmas Ornaments* (Non-"Elements") | **No.** Plaintiff's design shows a round Christmas ornament, decorated with a Snowflake in the center. (It is unclear whether the design is meant to be painted, embossed, debossed, or pierced.) The accused products include three pierced/debossed Christmas ornaments: a cross, a Christmas tree and a round ornament with snowflakes. Unlike plaintiff's design, the accused round ornament has multiple snowflakes, arranged in an asymmetrical pattern, painted decorative horizontal rings around the top, and a decorative finial on the bottom. The use of round shapes and snowflakes as part of the design of Christmas ornaments is not uncommon, and the accused product differs from plaintiff's design in shape, scale, and decoration. No reasonable trier of fact could find that the accused ornaments are substantially similar to plaintiff's design. |

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 59 | VA 1-748-944 | *Stone/metal pierced crosses* (Non-"Elements") | Porcelain pierced cross ornaments (Non-"Elements") | **No.** The plaintiff's designs include several stone/metal pierced crosses in an ornate style evoking the Middle Ages, with inset square and/or round files/gems (e.g., crux gemmata), dove shapes, swirls and flourishes. The accused product(s) are a line of pierced white porcelain cruciform ornaments (and also the previously-discussed round bulb and pierced Christmas tree), with perforations in a simpler, more rounded style, with designs inset at the center, reading "Peace," "Love," and "Hope," or showing intertwining circles (wedding rings, presumably). The use of piercing, perforation or openwork techniques to decorate crosses is a basic idea -- similar pierced porcelain crosses are widely marketed by retailers as wedding or First Communion gifts -- and the materials, overall style, color and presence of a message or graphic on the accused ornaments renders them sufficiently distinct from plaintiff's design that no reasonable trier of fact could find substantial similarity. <br><br>\*Also, defendants have submitted uncontroverted evidence that the accused pierced crosses were designed and produced by a third party. Visual comparison of the pierced crosses produced by the third party reveals them to be identical in every respect to the accused products, with the exception of hanging them from a dark-colored ribbon instead of a light-colored one. (09-CV-6357 Dkt. #72-14 at Exh. B, p. 7). |
| 60 | VA 1-748-930 | *Pierced Angel Wing Designs* (Non-"Elements") | Scroll and swirl décor line; Angel figures with lace appliques/wings (Some "Elements" and some Non-"Elements") | **No.** The plaintiff designed a line of angel figures with pierced or lace-style wings. some with intricate rectangular or medallion-shaped lace aprons. The accused product is an angel with pierced wings (with piercings different in placement and design than plaintiff's, and with wings in a different shape), holding an infant (plaintiff's angel designs are not holding anything), with paisley-shaped pieces of lace (boteh) near the hem of her gown. The mere use of piercing techniques for an angel's wings is not, by itself, protectable, and combined with the other obvious differences in pose, dress, wing shape and overall style between the plaintiff's design and the accused figurines, no reasonable trier or fact would find them to be substantially similar. |

| CR Ref. #[1] | CR # | Brief Description of Plaintiff's Design(s) | Brief Description of Allegedly-Infringing Pavilion Product(s) | Do the Similarities Between the Plaintiff's Design(s) and the Accused Product(s) Concern Copyrightable Elements of the Plaintiff's Work, and/or Could a Reasonable Trier of Fact Find "Substantial Similarity" Between Them? |
|---|---|---|---|---|
| 61 | Applic. #1-493446 082 (*denied) | Multiple designs: *Different Shape* [sic] *Plates* (Non-"Elements") (*Note: This design is not registered. Plaintiff's copyright application was rejected; combined with 12-sided plate design (copyrighted separately) | 12-sided plate; Square plate (Non-"Elements") | **No.** Assuming *arguendo* that plaintiff's non-copyrighted designs are protectable, her design is for different plate shapes: round with round center, flower-shaped with round center, square with square center, oval with oval center, triangular with round center, 8-sided plate with four straight sides and four inverted scallop edges and round center, etc. She also relies on a separately-copyrighted design for a plate in the shape of a dodecagon (equilateral 12-sided figure) with a round center.<br><br>The accused products are a square plate with a square center, and a 12-sided plate with 4 straight sides and 8 inverted scallop edges and an identically-shaped 12-sided center with 4 straight sides and 8 inverted scallops. The square plate shape is not unique (an opinion presumably shared by the Copyright Office, since plaintiff's application to copyright for her "plate shape" designs was denied). As to the 12-sided accused plate, which does have an uncommon shape, neither its outside edge nor the center of the accused plate match any of plaintiff's designs for plate shapes (copyrighted, or no). No reasonable trier of fact could find them substantially similar. |
| 62 | Applic. #1-5194364 82 (granted) | *Inspirational Ornaments: Christmas Tree Design* (Non-"Elements") | Christmas Tree Ornament (Non-"Elements") | **No.** Plaintiff's design is for a pierced metal Christmas ornament in the shape of a decorated Christmas tree in a pot. The tree itself has a pierced design, with round jewels threaded through some of the open areas, suggesting ornaments. The accused design is also a Christmas tree shape, but unlike plaintiff's design, it has an angel topper, has a stand/trunk rather than a pot at its base, only the stand/trunk is pierced, and the tree is decorated with inset/embossed round ornaments. The idea of a Christmas-tree shaped ornament is a basic one, and there are no other common elements between the plaintiff's design and the accused product(s). No reasonable trier of fact would conclude that they are substantially similar. (This contention also relies on separate copyrights for pierced crosses and round ornament with a snowflake, and accused pierced cross and snowflake ornaments. Those contentions have already been addressed, *supra*, and found not to present substantial similarity.) |